[Cases cited under this title will be found arranged in alphabetical order under the names of the vessels; e. g. "The Ship Sabioncello. See Sabioncello."]

---

## Case No. 12,790.

### SHIPLEY v. THOMPSON.

[2 Balt. Law Trans 244, 300.]

Circuit Court, D. Maryland.    April 21, 1869.

WAR — RECOVERY OF MONEY PAID FOR THE RE-
LEASE OF CAPTURED PROPERTY.

James Mackubbin and Thomas Donaldson, for plaintiff.

R. J. Brent and Wm. Meade Addison, for defendant.

Before GILES, District Judge.

This is an action of assumpsit to recover $400 paid by [Joshua N. Shipley] to obtain the release of horses levied upon under a military order of Gen. Wallace, in order to indemnify [John W.] Thompson for the loss of a horse taken from him by Confederate soldiers in September, 1864. Thompson represented to Gen. Wallace that his horse had been taken by a son of Shipley; and applied to him for protection. On the witness stand he admitted that he received the money levied, but denied that he requested Gen. Wallace to issue the particular order offered in evidence, for a levy on plaintiff's property in order to indemnify himself. On the other hand, witnesses on the part of the plaintiff proved admissions of Thompson that he had instigated the levy, also that he had become satisfied that his horse had not been taken by young Shipley, and that the levy was wrongly made.

The plaintiff's counsel offered prayers to the effect that if the property of the plaintiff was levied upon and taken possession of by force, under a military order, and that he was obliged to pay the money to obtain the release of his property, and that the amount was levied at the suggestion of Thompson and for his benefit, and that the money of Shipley was paid over to him in accordance with the order, then the plaintiff is entitled to recover.

The defendant relies upon the military order of General Wallace as a complete defence; but also insists that the action is barred, because not being brought within two years, the limitation fixed by the 7th section of the act of congress of March 3, 1863. There is no plea of limitation, but the defence is made under the general issue.

By the consent of the counsel the further consideration of the case was postponed until Wednesday, the 21st [of April], when the law points will be argued.

Verdict for the defendant.

## Case No. 12,791.

### In re SHIPMAN.

[2 Hughes, 227; [1] 14 N. B. R. 570.]

Circuit Court, W. D. North Carolina.    Oct., 1875.

BANKRUPTCY—EXEMPTIONS—PRIOR JUDGMENTS.

1. A bankrupt against whom judgments were rendered, before his bankruptcy, upon debts contracted prior to the adoption of the constitution of North Carolina, is not entitled to his homestead exemption under the act of congress of March 3, 1873 [17 Stat. 577], as against such judgments.

[Cited in Re Martin, Case No. 9,152.]

2. When the homestead exemption of such bankrupt has been allotted, the judgment creditors are entitled to have such allotment set aside, and their judgment liens enforced.

In bankruptcy.

BOND, Circuit Judge. This is a motion on the part of creditors to set aside an application for the allowance of a homestead exemption out of property incumbered by judgments upon debts created antecedent to the adoption of the constitution of North Carolina, which provides for that exemption. It seems to me that this application is similar to that in Gunn v. Barry, 15 Wall. [82 U. S.] 610, which was made under a like provision in the constitution of Georgia, and which the supreme court declared with some emphasis could not be allowed; and it is precisely the Case of Dillard [Case No. 3,912], decided in the Eastern district of Virginia. The act of congress of March 3, 1873, which was passed, as is maintained at bar, to overrule the decision of Gunn v. Barry [supra], and to make the homestead exemption paramount to the liens of antecedent judgments, was, by the same court, Chief Justice Waite delivering the opinion, in Deckert's Case [Case No. 3,728], declared to be unconstitutional. The application on the part of the bankrupt must be refused, and the motion to set aside granted.