## THE QUEEN.

(District Court, N. D. California. April 15, 1899.)

### No. 11,802.

1. SEAMEN—EXEMPTION OF WAGES FROM EXECUTION.
　　Neither the general maritime law, nor Rev. St. § 4536, providing that "no wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court," exempts wages due a seaman from seizure under an execution issued on a valid judgment against him in a state court; and a satisfaction of such execution by the employer, as authorized by the state laws, is a good defense to a subsequent action by the seaman to recover the amount.

2. SAME — CONSTRUCTION OF EXEMPTION STATUTE — APPLICATION TO PRIOR JUDGMENTS.
　　Act Cal. March 27, 1897, amending Code Civ. Proc. § 690, by exempting absolutely from execution wages of seamen, in an amount not exceeding $100, cannot be construed to apply to executions based upon judgments rendered in suits on contract prior to the passage of the act. Such a statute, if applied to judgments based on contracts made before its enactment, would conflict with the provision of the constitution which denies to a state the power to pass any law impairing the obligation of contracts.

H. W. Hutton, for libelant.
Geo. W. Towle, Jr., for claimant.

DE HAVEN, District Judge. This is a libel in rem to recover wages earned by the libelant as a seaman, and a further sum for meals provided by himself during his service as such. The case has been submitted to the court for decision upon an agreed statement of facts, from which it appears that on February 2, 1899, the sum of $25 was due to the libelant for services rendered by him as a seaman on the steamship Queen, and the further sum of $1.68 on account of meals paid for by himself during the time of such service; and on that day the money so due him was levied upon, in the hands of the agents of the steamer, under an execution regularly issued upon a judgment rendered upon May 10, 1895, in the justice's court for the city and county of San Francisco, in favor of one J. J. Rauer and against the libelant; and thereafter, on February 14, 1899, and prior to the commencement of this action, the agents of the steamer paid the officer holding such execution the sum of $25.50, the amount then

due on the judgment, including interest and accruing costs. Before making this payment, they were notified by libelant that his wages "could not lawfully be paid or delivered by said agents, and against the objection of libelant then made, to said sheriff in satisfaction of said judgment, or upon, or pursuant to, or in satisfaction of the said execution." The judgment upon which the execution issued was based upon a cause of action arising on contract. The remainder of the sum earned by the libelant, after deducting the amount paid on account of the execution, has been paid; so that the only question to be decided is whether the libelant's wages as a seaman were subject to execution,—for, if they were, the payment made by the agents of the steamer in satisfaction of the execution levied is a defense to this action, under section 716 of the Code of Civil Procedure of this state, which provides:

"After the issuing of an execution against property, and before its return, any person indebted to the judgment debtor may pay to the sheriff the amount of his debt, or so much thereof as may be necessary to satisfy the execution; and the sheriff's receipt is a sufficient discharge for the amount so paid."

The claim of the libelant is that the wages of seamen are exempt from execution under the general rule of the maritime law, and also by the express provisions of section 4536 of the Revised Statutes of the United States, and section 690 of the Code of Civil Procedure of this state. It has been held that the maritime law does not recognize any right to attach the wages of a seaman in an action at law instituted by his creditors in a state court. McCarty v. The City of New Bedford, 4 Fed. 818; Ross v. Bourne, 14 Fed. 858. And the same principle was recognized in The City of New Bedford, 20 Fed. 57. That is, it was held in those cases, that the fact that the wages of the mariner were under attachment in a proceeding at law pending in a state court would not suspend or defeat the right of the mariner to proceed in admiralty for the recovery of his wages. In reaching this conclusion, it was said by Judge Nelson in the case of Ross v. Bourne, just cited:

"I am aware of no law of congress, or rule or practice in admiralty, which requires this court to hang up its decree in this case until the attachment suit is disposed of. Ordinarily the sailor's only means of subsistence on shore are his wages earned at sea. If these may be stopped by an attachment suit the instant the ship is moored to the wharf, a new hardship is added to a vocation already subject to its full share of the ills of life."

There is, however, a marked difference between an attachment to secure the payment of an asserted, and, it may be, disputed and unfounded, claim, and the levy of an execution which simply seizes upon property of a debtor for the purpose of satisfying a valid judgment; and my attention has not been called to any case in which it has been decided that the wages of a seaman may not be taken on execution issued out of a state court, in the absence of a statute exempting them from such seizure, or in which it has been held that a prior payment of the amount due a seaman for wages, in satisfaction of an execution issued against him, would not constitute a good defense to a subsequent action brought by him in admiralty for the recovery of such wages. In such a case it cannot be said that the seaman has not had the full

benefit of the wages earned by him. Their application, under a lawful execution, to the payment of a debt of his, which is conclusively presumed to be just, and which he is bound, in conscience, to pay, is not oppressive, in a legal sense; and a court of admiralty will not, under such circumstances, decree that what has already been paid for his benefit shall be again paid to him.

In regard to the second contention of libelant, nothing more need be said than that section 4536 of the Revised Statutes, in providing, as it does, that "no wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court," is not broad enough to cover the case of a seizure of a seaman's wages on execution (Telles v. Lynde, 47 Fed. 912), and therefore has no application to the present case.

The only question that remains is this: Were the wages of libelant exempt from execution under section 690 of the Code of Civil Procedure of this state? Prior to March 27, 1897, there was nothing in that section relating to the wages of seamen, except the general provision applicable to the earnings of all laborers, to the effect that "the earnings of the judgment debtor for his personal services rendered at any time within thirty days next preceding the levy of execution of attachment, when it appears by the debtor's affidavit, or otherwise, that such earnings are necessary for the use of his family residing in this state, supported in whole or in part by his labor," should be exempt from execution. · On the day last mentioned, however, this section was amended by adding thereto a special provision in relation to the wages of seamen, exempting such wages from execution absolutely, in an amount not exceeding $100, and without requiring any affidavit or other proof, upon the part of the seaman, showing that such wages are necessary for the use of his family residing in this state, and supported in whole or in part by his labor. St. Cal. 1897, p. 179. It will be observed that this amendment was enacted long subsequent to the rendition of the judgment upon which the execution above referred to issued, and, of course, subsequent to the making of the contract upon which that judgment was based. The libelant has not brought himself within the general provisions of the statute applicable to laborers having a family to support; so that, unless his wages were exempt from execution under the amended statute relating to the earnings of seamen, he is not entitled to recover in this action. After a careful consideration of the question, I am satisfied that the amendment to section 690 of the Code of Civil Procedure, before referred to, cannot be given the effect claimed for it by the libelant. The general question of the validity of exemption laws, as applied to contracts made prior to their enactment, was thoroughly considered by the supreme court in the case of Edwards v. Kearzey, 96 U. S. 595; and the court in that case announced its conclusion as follows:

"The remedy subsisting in a state when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the state which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the constitution, and is therefore void." .

And in the later case of Seibert v. Lewis, 122 U. S. 284, 7 Sup. Ct. 1190, this conclusion is reaffirmed; the court quoting with approval

the following from the opinion in Von Hoffman v. City of Quincy, 4 Wall. 535:

"It is competent for the states to change the form of the remedy, or to modify it otherwise as they may see fit, provided no substantial right secured by the contract is thereby impaired. No attempt has been made to fix definitely the line between alterations of the remedy which are to be deemed legitimate and those which, under the form of modifying the remedy, impair substantial rights. Every case must be determined upon its own circumstances. Whenever the result last mentioned is produced, the act is within the prohibition of the constitution, and to that extent void."

There can be no doubt that a law absolutely exempting seamen's wages in an amount not exceeding $100, as applied to previous contracts made with seamen, at a time when no such exemption is allowed, would materially lessen and impair the obligation of such contracts. It is a well-known fact that, as a general rule, seamen have no means of discharging their contract obligations, other than by the application of their earnings for that purpose; and in most instances the exemption of such wages from execution, in the amount named in the statute, would be equal to a withdrawal of the whole or the greater part of the seaman's property from the reach of his creditors, and would seriously impair the obligation of contracts entered into by the seaman at a time when the only exemption allowed him was that given by section 690 of the Code of Civil Procedure of this state, prior to its amendment by the act of March 27, 1897, to wit, his wages for 30 days prior to the levy of the execution, when necessary for the use of his family, residing in this state, and supported in whole or in part by his wages. The libel will be dismissed; the claimant to recover costs.