[L. A. No. 2077.    Department Two.—August 4, 1908.]

FLORENCE C. WHITE, Respondent, v. GEORGE C. HORTON et al., Defendants and Appellants; EDNAH J. MENNER et al., Defendants and Respondents.

HOMESTEAD—SUBSEQUENT MORTGAGE—EXTENT OF HOMESTEAD EXEMPTION.—Where a homestead is mortgaged, or is declared upon land subject to a mortgage, it is not the exemption which is mortgaged, but the whole property; the homestead exemption still exists and is to be recognized, subject always and only to reduction in amount to satisfy the just demands of the mortgagee.

ID.—APPLICATION OF PROCEEDS OF FORECLOSURE SALE—JUDGMENT CREDITOR OF HOMESTEAD CLAIMANT.—Where a homestead is declared upon land subject to a mortgage, which is subsequently foreclosed, the proceeds of sale should be applied as between the mortgagee, the homestead claimant, and a judgment creditor of the latter who had taken steps under sections 1245-1259 of the Civil Code to secure an appraisal of the homestead, 1. To satisfy the mortgage debt; 2. To the payment of the value of the homestead exemption; and, 3. To the payment of the claim of the judgment creditor.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the opinion of the court.

Borden & Carhart, for Appellants Horton.

Walter Holsinger, for Plaintiff, Respondent.

Hahn & Hahn, for Respondent Menner.

HENSHAW, J.—The appellants Horton, to secure the payment of a promissory note, had executed a mortgage upon a lot of land in the county of Los Angeles. Subsequent to the execution and recordation of this mortgage, the husband made a declaration of homestead upon the mortgaged property for the benefit of himself and family. Thereafter, the defendant and respondent Ednah J. Menner recovered a judgment against the defendant George C. Horton for the sum of four thousand dollars with interest and costs. The note secured by mortgage becoming overdue and being unpaid, an action to foreclose was commenced by plaintiff. While this action was pending the judgment creditor, Ednah J. Menner, under the provisions of sections 1245 to 1259 of the Civil Code, caused appraisers to be appointed to value the homestead, her judgment not having been satisfied. The appraisers placed a valuation upon the homestead exceeding ten thousand dollars, but further reported that the property could not be divided without injury to the whole thereof. Thereupon proceedings were taken whereby the matter was certified to the court in which the foreclosure action was pending, under stipulation that upon sale of the mortgaged premises the rights of Menner under her judgment should be considered and determined. The court in giving judgment in the foreclosure proceedings decreed a sale of the property, and out of the funds derived from the sale awarded the mortgagee the amount due upon the mortgage, with interest and costs. Next, out of the funds it decreed that the judgment of Ednah J. Menner should be satisfied, and that any funds remaining should be paid over to the owners of the property. No question arises as to the regularity of any of the proceedings, and the single proposition propounded goes to the correctness of the court's disposition and distribution of the funds accruing from the sale of the homestead.

By appellants it is contended that upon sale of the homestead they were entitled to five thousand dollars, which was wholly exempt from execution sale, attachment, or any other form of legal seizure, saving that, if the value of the residue of the property was not sufficient to pay the mortgage debt, recourse could be had against the five thousand dollars to make good any deficiency. Since here there has been a sale of the homestead and the court is dealing with money in hand,

it matters not whether it be said that the family is entitled to the five thousand dollars as a homestead exemption fund, which fund may be subject to reduction to satisfy the mortgage debt, or whether it be said that the mortgage shall first be satisfied, and that the owners of the homestead shall have the next five thousand dollars as an exempt fund. However stated, the actual result will always be the same, and in either case, under appellants' contention, the judgment creditor has no lien or claim upon the homestead property, or upon the fruits of its sale, until after the demands of the mortgagee have been fully satisfied and five thousand dollars have been exempted and set apart for the use of the family. Upon behalf of respondent it is contended that sections 1237 et seq. of the Civil Code entitle the family to an exemption of but five thousand dollars; that whether they mortgage property at a time when it is impressed with a homestead, or whether, as here, they mortgage property upon which a homestead is subsequently declared, the result is the same, and that result is that they have mortgaged the homestead exemption, as distinguished from the homestead itself; that in satisfying that mortgage, where the rights of other creditors are involved, resort shall first be had to the exemption, and that five thousand dollars shall first be applied in satisfaction of the mortgage debt. No authority is cited in support of the declaration that a mortgage upon a homestead is a mortgage to be first satisfied out of the exempt five thousand dollars which the law allows. Indeed, considering the policy of the law, which most strongly favors homesteads, this statement upon its face does violence to that policy. A case like the present, where the homestead has been converted into money, and where the question, as here, turns upon the order of the distribution of the fund, has not previously come before this court. But similar cases involving the disposition of homestead lands have repeatedly been presented, and in every instance the conclusion has been contrary to the contention which the respondent urges. One of the early cases was that of *McLaughlin* v. *Hart*, 46 Cal. 638. Hart and his wife executed a mortgage to plaintiff to secure the payment of a promissory note. Subsequently, Hart, to secure his own debts, executed other mortgages upon the land, in which his wife did not join, to defendants Pierce, Shedder, and Piquet. Hart and his wife had filed a declaration of home-

stead covering fifty acres of land mortgaged to plaintiff. The subsequent mortgages to Pierce, Shedder, and Piquet did not affect the homestead.' Defendants Pierce, Shedder, and Piquet filed a cross-complaint, asking to have their mortgages foreclosed, and urging that plaintiff should first be compelled to resort in satisfaction of his mortgage to the homestead property, under the application of the equitable doctrine that where one creditor has several securities to which he can resort, and another creditor has a lien on but one of those securities, the latter may compel the former first to exhaust the securities upon which he, the latter, has no lien. But by its decree the trial court exempted the homestead from sale unless it should be found necessary to have recourse to it to satisfy the mortgage of plaintiff, and denied to the defendants any right to compel a sale of the homestead, to the end that the funds might be first applied in extinguishment of plaintiff's mortgage debt. This court upheld the judgment of the trial court, saying: "The liens of the junior mortgagees upon the outside lands were created by him alone and without her (the wife's) consent, and to hold that these latter mortgagees may, for their own benefit, compel a sale of the homestead to satisfy the McLaughlin mortgage, would be in effect to create a lien in favor of the junior mortgagees upon the homestead of Mrs. Hart without her consent." Treating this case in terms of money instead of land, the same doctrine is invoked by appellants, and the same answer must be made as was made in that case. The Menner debt is a debt of the husband and not of the wife, incurred after a homestead had been placed upon the property. To hold that the mortgagee must first exhaust the homestead fund of five thousand dollars, would be, in effect, to create a lien in favor of the judgment creditor upon the homestead of Mrs. Hart without her consent, and deprive her of her homestead exemption for a debt not her own, and for the payment of which she had in no way bound the homestead property.

So, again, in *Barrett* v. *Sims,* 59 Cal. 615, Sims had executed a mortgage upon the property to defendant Clarke. Subsequently he executed a deed to defendant Beckman of the property, reserving therefrom a strip twenty-five rods wide, upon which he filed a declaration of homestead. Sims being indebted to plaintiff, the latter commenced an action, sued

out a writ of attachment, and levied upon the right, title, and interest of the defendant Sims in the land. He alleged that Sims's deed to Beckman was without consideration, and that Sims had declared the homestead to delay and defraud his creditors; that he did not know the amount due on the mortgage executed by Sims to Clarke, nor what part should be paid out of the homestead, nor what part should be paid out of the land conveyed to Beckman; but he prayed that all the land should be declared subject to sale under his judgment; that the amount of the claim of the mortgagee, Clarke, be determined, and that Clarke in seeking satisfaction of his claim be required first to exhaust the homestead property upon which he, plaintiff, had no lien. This court, reviewing the subject of homesteads and homestead exemptions, concluded:

"Inasmuch as the conveyance to Beckman is a valid conveyance, and plaintiff has an ample remedy at law to enforce his judgment against the excess, if any, in value of the homestead beyond five thousand dollars (subject to the rights of the mortgagee), he has no standing in a court of equity, and the bill should be dismissed."

Here, again, is distinct recognition of the fact that where a homestead is mortgaged, or is declared upon land subject to a mortgage, it is not the exemption which is mortgaged but the whole property, and there is a further recognition of the position contended for by appellants that the homestead exemption still exists and is to be recognized, subject always and only to reduction in amount to satisfy the just demand of the mortgagee.

But turning from the consideration of these analogous cases, all doubts and difficulties are resolved if appellants' rights are viewed in the light of the code provisions. So viewing them, the incidental fact that the homestead was sold under foreclosure proceedings may be eliminated as not material. The condition, then, confronting the judgment creditor who had taken steps to subject the homestead to sale under the provisions of the Civil Code, was that the appraisers had found that the homestead could not be divided, and that it was of the value of about eleven thousand dollars. If, then, the judgment creditor had proceeded, as she had an undoubted right to proceed, and caused the property to be sold (Civ. Code, sec. 1254), the purchaser at such sale would have ac-

quired the property subject to the lien of plaintiff's four-thousand-dollar mortgage. By reason of this mortgage, which, of course, would not be affected by these proceedings, the land on sale would bring seven thousand dollars. What disposition would and should be made of that seven thousand dollars? The code furnishes a ready and complete answer. "If the sale is made, the proceeds thereof, to the amount of the homestead exemption, must be paid to the claimant, and the balance applied to the satisfaction of the execution." (Civ. Code, sec. 1256.) To summarize: The land under this sale would still be subject to the mortgage so that the mortgagee would retain his security unimpaired. The first five thousand dollars resulting from the sale would be paid as the homestead exemption fund to those entitled to it, the balance only, amounting in the instance we have cited to two thousand dollars, would be available to meet the demands of the judgment creditor.

It follows from the foregoing that the court by its decree should have apportioned the funds arising from the sale of the homestead as follows: 1. To the satisfaction of the claim of the mortgage; 2. Five thousand dollars to appellants Horton as their homestead exemption fund, and the residue to the judgment creditor Menner.

The judgment is reversed with directions to the trial court to enter judgment in conformity with the foregoing.

Lorigan, J., and Beatty, C. J., concurred.