## KENER, ADMINISTRATOR OF KENER, v. LA GRANGE MILLS.

### ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 63. Argued November 13, 1913. Decided December 1, 1913.

A state constitution cannot exempt property from existing liens nor can Congress give such constitution greater effect; and so *held* that under the Bankruptcy Act of 1867 as amended by the act of March 3, 1873, c. 235, 17 Stat. 577, a homestead in Georgia was not exempted from liens which had attached prior to the bankruptcy, notwithstanding provisions in the Georgia Constitution to that effect. *Gunn* v. *Barry*, 15 Wall. 610.

135 Georgia, 730, affirmed.

THE facts, which involve the construction of the Bankruptcy Act of 1867 as amended by the act of 1873, are stated in the opinion.

*Mr. Daniel W. Rountree, Mr. Clifford L. Anderson* and *Mr. W. H. Terrell,* for plaintiff in error, submitted:

The bankrupt homestead was set aside by the assignee in bankruptcy, and what has been done by the assignee is equivalent to compliance with the State's statutes in assigning homestead or claiming exemption. *Ross* v. *Worsham,* 65 Georgia, 622.

Under the constitution and laws of Georgia, a sale of a homestead exemption pending the homestead estate, that is to say, during the life of the widow or minority of the children, is void. *Dozier* v. *McWhorter,* 113 Georgia, 584; *Evans* v. *Piedmont Assn.,* 118 Georgia, 882; *Williford* v. *Denby,* 127 Georgia, 786; *Timothy* v. *Chambers,* 85 Georgia, 267; *Hart* v. *Evans,* 80 Georgia, 330; *Pinkerton* v. *Tumlin,* 22 Georgia, 165.

Under the act of 1868, a debt was released by a discharge whether scheduled or not. *Heard* v. *Arnold*, 56 Georgia, 576; *Beck* v. *Crumb*, Ibid. 95.

An exemption in bankruptcy made under the constitution of 1868, is not subject to a judgment founded on a debt contracted prior to the adoption of such constitution, under the Bankruptcy Act of 1867 as amended in 1872 and again in 1873.

This act has been declared unconstitutional and void in this and other cases such as *In re Deckert*, 2 Hughes, 183; *In re Duerson*, 7 Fed. Cas. No. 4117; *In re Dillard*, 7 Fed. Cas. No. 3912; *In re Shipman*, 14 N. B. R. 570; *S. C.*, 21 Fed. Cas. No. 12791.

The same act was held to be valid in—*In re Smith*, 2 Woods, 458; *In re Jordan*, 13 Fed. Cas. No. 7515; *In re Beckerford*, 1 Dill. 45; *In re Jordan*, 8 N. B. R. 180; *In re Kean*, 2 Hughes, 322; *In re Smith*, 22 Fed. Cas. No. 12986; *Windley* v. *Tankard*, 88 N. Car. 223; *Lamb* v. *Chamness*, 84 N. Car. 379; *Simpson* v. *Houston*, 97 N. C. 344; *Darling* v. *Berry*, 13 Fed. Rep. 659.

The impairment clause is only a restriction upon the States. No provision of the Constitution prohibits Congress from passing laws impairing the obligation of contracts. On the contrary the power to enact bankrupt laws plainly authorizes it to annul or impair the obligations of contracts. *Satterlee* v. *Mathewson*, 2 Pet. 380, 416; *Hepburn* v. *Griswold*, 8 Wall. 603; *Legal Tender Cases*, 12 Wall. 457, 550, and 110 U. S. 421, 449; *Mitchell* v. *Clark*, 110 U. S. 633.

Nor was the act inconsistent with a uniform system of bankruptcy. As against debts contracted before the adoption of the laws authorizing it, the exemption was valid and this was true in every State and therefore uniform. See cases decided under act of 1898. *Hanover Nat. Bank* v. *Moyses*, 186 U. S. 181; *Holden* v. *Stratton*, 198 U. S. 202, 214; *Thomas* v. *Woods*, 173 Fed. Rep. 585, 591;

*In re Rouse, Hazard & Co.*, 91 Fed. Rep. 96, 99. *Bush v. Lester*, 55 Georgia, 579, was erroneously decided.

*Mr. Louis Marshall* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to recover an interest in land sold on execution against Godfred Kener and held by the defendant in error under that sale. The plaintiff is the representative of one of Kener's heirs. The facts are these. A judgment was recovered upon a bill of exchange against Godfred Kener in 1858 and execution issued in 1873; in 1878 he was adjudged a bankrupt and returned the holders of the judgment among his creditors, but they did not prove their claim. In the same year this land was set aside in due form to Kener as his homestead exempted by the state constitution of 1868 and the Bankruptcy Act then in force. Rev. Sts., § 5045. In June, 1879, he died 'and in December, 1879, the execution was levied and this land was sold. The sale was valid unless the Bankruptcy Act interfered. The trial court entered judgment for the defendant and the judgment was affirmed by the Supreme Court of the State. 135 Georgia, 730.

The Bankruptcy Act of 1867 as amended by the act of March 3, 1873, c. 235, 17 Stat. 577, Rev. Stat., § 5045, preserved, within a limit, exemptions under state laws and provided that such exemptions should be valid against debts contracted before those laws and against liens by judgment of any state court. The plaintiff bases his claim upon this act. But in *Gunn v. Barry*, 15 Wall. 610, argued and decided (March 31, 1873) just after the amendment of March 3, it was held that the Georgia constitution could not exempt property from existing liens, and that Congress could not give that constitution greater effect. See also *In re Deckert*, 2 Hughes, 183. *In re*

*Rahrer*, 140 U. S. 545, 560. In *In re Shipman*, 2 Hughes, 227, it seems to have been supposed that the act of 1873, wrongly called of 1874, was passed to meet *Gunn* v. *Barry*, in the teeth of the declaration that such an attempt would be invalid. But that was a mistake.

Of course if the constitution of 1868 and statutes based upon it should be construed as not attempting to disturb then existing liens, the act of Congress hardly would be read as purporting to give a greater scope to the state laws. The Georgia decisions since *Gunn* v. *Barry* agree that in cases like the present the lien remained. *Bush* v. *Lester*, 55 Georgia, 579. Whether the result be reached by construction of the state laws, by construction of the former Bankruptcy Act, or on constitutional grounds, it comes to the same thing, and the judgment below was right.

*Judgment affirmed.*