**In re MARX.**

**No. 3632.**

District Court, E. D. Arkansas, W. D.

Aug. 14, 1933.

Harry H. Ellis, of Little Rock, Ark., for petitioner.

Reinberger & Reinberger, of Pine Bluff, Ark., for bankrupt.

MARTINEAU, District Judge.

This proceeding is to determine the right to the cash surrender value of two insurance policies on the life of Henry Marx, a resident of Pine Bluff, Ark., engaged in the mercantile business. The cash surrender value of the policies is about $2,500.

Several years ago Marx insured his life in the Prudential Life Insurance Compay by these two policies, naming his son and daughter as beneficiaries. Prior to November 18, 1930, he became insolvent, and, in an effort to defraud his creditors of the cash surrender value of these policies, on that date he assigned them, without valuable consideration, to his two children who were beneficiaries in the policies.

On March 2, 1931, Act No. 76 (page 214), was passed by the Arkansas Legislature giving to the beneficiary or assignee of an insurance policy its proceeds as against the creditors of the insured. On April 30, 1931, Marx filed a voluntary petition in bankruptcy. The trustee of his estate now claims the cash surrender value of these policies, while he contends that their proceeds are exempt to the beneficiaries and assignees under the provisions of the above-mentioned act. The referee found in favor of the beneficiaries, and the case is now here on petition for review.

Section 6 of the Bankruptcy Act (11 USCA § 24) allows to a bankrupt the exemptions prescribed by the state laws in force at the time of the filing of the petition in the state wherein he has resided for six months or a greater portion thereof immediately before the filing of the petition. If the provisions of Act No. 76 are controlling in this case, the trustee is not entitled to the proceeds of the policies, but, if this act is not controlling, then under section 70a of the Bankruptcy Act (11 USCA § 110 (a), the cash surrender value of the policies should go to the trustee.

The Arkansas Supreme Court, in the recent case of Worthen v. Thomas, 65 S.W. (2d) 917, opinion delivered November 27, 1933, held that a statute similar to but broader than Act No. 76 is an exemption statute and that its provisions did not impair the obligation of a contract entered into prior to its passage. The decision of the Arkansas Supreme Court holding that the statute is an exemption statute is binding upon this court, but the federal question of whether it impairs the obligation of contracts entered into prior to its passage is one that the federal courts themselves will determine.

The fact that the statute is one allowing exemptions and affects only the remedy of a creditor does not prevent it from impairing the obligation of a contract entered

into prior to its passage. The Supreme Court of the United States in Edwards v. Kearzey, 96 U. S. 595, loc. cit. 600, 24 L. Ed. 793, in passing upon this identical question, said: "The obligation of a contract includes everything within its obligatory scope. Among these elements nothing is more important than the means of enforcement. This is the breath of its vital existence. Without it, the contract, as such, in the view of the law, ceases to be, and falls into the class of those 'imperfect obligations,' as they are termed, which depend for their fulfilment upon the will and conscience of those upon whom they rest. The ideas of right and remedy are inseparable. 'Want of right and want of remedy are the same thing.' "

Further in the same opinion, loc. cit. 607, of 96 U. S., 24 L. Ed. 793, the court said: "The remedy subsisting in a State when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is, therefore, void."

It is thus clear that, where a state law withdraws a remedy, unless an equally effective one remains or is substituted, the impairment clause of the Constitution (Const. U. S. art. 1, § 10, cl. 1) is violated.

In Re Messinger, 29 F.(2d) 158, 68 A. L. R. 1205, the Circuit Court of Appeals for the Second Circuit passed upon a New York statute identical in terms with the Arkansas statute, and held the New York statute valid as an exemption statute, but held that it violated the obligation of the contracts of creditors entered into prior to its passage. In that case the court said [loc. cit. 161, of 29 F.(2d)]:

"A matter which neither side has called to our attention is of importance. Section 55a of the state Insurance Law took effect March 31, 1927. It is unlikely that there were not creditors existing at that time, seeing that bankruptcy followed so soon after. To the creditors whose claims arose prior to the passage of the law, it would not apply. Not only is a retroactive statute which disturbs existing rights unlikely to have been intended, but a state law which deprives existing creditors of their rights to resort to property for payment of their claims would impair the obligation of contracts, and contravene section 10, article 1 of the Federal Constitution. Bank of Minden v. Clement, 256 U. S. 126, 41 S. Ct. 408, 65 L. Ed. 857; Edwards v. Kear-

zey, 96 U. S. 595, 24 L. Ed. 793; Guan v. Barry, 15 Wall. 610, 21 L. Ed. 212.

"In fear of such a result, the Pennsylvania act of 1923 exempting the avails of policies was specifically limited to cases where the claims of creditors arose after the enactment of the statute. In re Lang (D. C.) 20 F.(2d) at page 238. Section 55a should be construed so as not to operate retroactively, and to affect only such claims as arose after March 31, 1927. In re Bonvillain (D. C.) 232 F. 370; In re Heilbron's Estate, 14 Wash. 536, 45 P. 153, 35 L. R. A. 602; Lewellyn v. Frick, 268 U. S. at page 252, 45 S. Ct. 487, 69 L. Ed. 934; Shwab v. Doyle, 258 U. S. at page 534, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454."

Following these decisions of the federal courts, the conclusion is reached that Act No. 76 impairs the obligation of contracts of creditors of Marx entered into prior to March 2, 1931, and that the trustee is entitled to the cash surrender value of the two policies in suit.

The petition to review the order of the referee is granted, and the insurance company is directed to surrender the cash surrender value of the two policies to the trustee.