### WEISSTEIN BROS. & SURVOL v. LAUGHARN.

### No. 8120.

Circuit Court of Appeals, Ninth Circuit.

June 8, 1936.

Jules C. Goldstone and David A. Sondel, both of Los Angeles, Cal., for appellant.

Robert B. Powell, of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the District Court reversing an order of the referee in the nature of a turnover order and in lieu thereof approving a general claim of the appellant for the sum of $902.-04.

The Ontario Canning Company, Inc., debtor, filed a petition under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). Thereafter a stipulation was entered into between the appellant, as claimant, and the trustee in bankruptcy, referring a controversy between them as to certain canned food to the referee in bankruptcy for decision subject to review and appeal. The claimant had purchased from the debtor 353 cases of four dozen cans each of Youngberries. Eleven thousand nine hundred twenty cases of such fruit, including 253 cases that had been purchased by appellant, were at the time of the purchase in the possession of the Lawrence Warehouse Company as pledge holder, to secure an indebtedness amounting to $21,-495.40 due to the Security First National Trust & Savings Bank, pledgee.

The stipulation for submission of the issues between the trustee and appellant show that 100 cases of the fruit had been delivered to the claimant, but that 253 cases of the value of $1366.20 had not been delivered. The stipulation recited the contention of the claimant that it was the owner of the remaining 253 cases and that the trustee had effected a sale of all the assets of the debtor, including its equity in the pledged fruit; that the claimant waived all objections to the confirmation of the sale. It was stipulated that the trustee should retain the sum of $1,366.20 to await the termination of issues between the parties. The stipulation provided that "in the event claimant shall establish that, as of the date of the filing of the petition herein, it was the owner of and entitled to the possession of 253 cases IT Dell Valle Youngberries Fancy and that said merchandise came into the possession of the trustee or that said merchandise had been theretofore

or thereafter placed in the field warehouse of the debtor, operated by the Lawrence Warehouse Company, and that the trustee or Claimant was entitled to recover possession thereof from or out of said field warehouse, then, and in either of such events, the trustee shall pay and deliver said sum to claimant and such payment shall be and constitute full payment of any and all claims of said claimant against said trustee, or said debtor.

"In the event claimant shall fail to establish such title or right to possession, said sum shall be thereafter used as a part .of the general assets of the estate and claimant may thereupon file its claim herein in the usual course."

The pledgee, the Security First National Bank of ·Los Angeles, was not a party to the stipulation, but it appeared before the referee and objected to the jurisdiction of the referee to hear the matter. The referee sustained the objection, stating, "That said objection as to the jurisdiction of the referee is a good and valid objection and is therefore sustained." Notwithstanding this ruling, the referee proceeded to hear the controversy in pursuance of the stipulation between the trustee and the claimant and ruled "that said claimant has established that as of the date of filing the petition it was the owner of and entitled to the possession of 253 cases No. IT, Dell Valle Youngberries, fancy, and that said merchandise had been placed in a field warehouse by the debtor, operated by the Lawrence Warehouse Company, and that claimant was entitled to recover possession thereof from the said field warehouse, and that the trustee should pay to Weisstein Bros. & Survol such sums as will constitute full payment of any and all claims, to wit, the sum of $1366.20." The trial judge refused to follow this holding and stated: "Plainly there was no right of possession in claimant because of the previous pledge of the bank. In any event such right could not be litigated except where the bank is a party." It reversed the ruling of the referee and held that the right to the possession of these goods was not in the debtor or claimant, and that the pledgee had sold the rights of the debtor under the pledge and applied the proceeds on the indebtedness due from the debtor Ontario Canning Company to the pledgee.

■ The evidence contained in the statement of the case supports the conclusion of the trial judge that the fruit had been pledged to secure an indebtedness due the bank, that the warehouse company was in possession of the fruit, and that the debtor exercised no control over the fruit. It is clear from this statement of the evidence that neither the debtor nor the claimant was entitled to the possession of the property until the debt due to the pledgee had been paid. It is immaterial that the claimant had no actual knowledge of the pledge. The decision of the trial judge was clearly right.

■ Appellee contends that the case having been tried before the referee, and the referee having found that the claimant was entitled to possession of the canned fruit, that the District Court could not disturb the decision. This contention is based upon the familiar rule that where facts are litigated before the referee, and where the witnesses appeared before him, and a decision upon the controverted facts had been made by him, the court will not ordinarily be justified in reversing the finding of the referee as to the controverted facts. In re Gordon & Gelberg (C.C.A.) 69 F.(2d) 81, 83; Rasmussen v. Gresly (C.C.A.) 77 F.(2d) 252; Remington on Bankruptcy (4th Ed.) vol. 8, 3669, p. 41; Ingram v. Lehr (C.C.A.) 41 F.(2d) 169, 170.

The question here, however, is not at all one of reversal of the referee upon his determination of a factual issue. The error of the referee was in holding that because he had no jurisdiction to determine the rights of the Security First National Bank, a third party, over its objection, he should ignore that right in determining the issue between the parties as to whether or not the debtor or claimant was entitled to possession. Proof that the pledge holder was entitled to possession was proof that both the debtor and claimant were not entitled to possession. The trial court rightly held that under the stipulation the claimant was entitled to a general claim only against the debtor for the amount of $962.-04, the value of the canned fruit purchased by it which was not delivered because of the pledge.

Order affirmed.