194 So. 6

**DANIEL et ux. v. THIGPEN,
Sheriff, et al.**

**No. 35554.**

Feb. 5, 1940.

Goff, Goff & Caskey, of Arcadia, for plaintiffs-appellants.

Robert H. Wimberly, of Arcadia, and Hall T. Elder, of Ruston, for defendants-appellees.

FOURNET, Justice.

The plaintiff W. T. Daniel, whose property, movable and immovable, was being advertized for sale by the defendant J. B. Thigpen, Sheriff, under execution of a moneyed judgment against him and in favor of the defendant First National Bank of Arcadia, dated December 6, 1935, and wherein the bank's mortgage and chattel mortgage affecting the property were recognized and ordered enforced; jointly with his wife and co-plaintiff, Mrs. Pearl Owens Daniel, instituted this proceeding, claiming their right to have exempt from the seizure and sale a homestead consisting of two mules and 160 acres of land, and to have the defendants enjoined from selling the same unless the sale thereof realized more than the sum of $4,000, as provided by the amendment to Article XI, Section 1 of the Louisiana State Constitution, adopted November 8, 1938. In the event that they are not entitled to the exemption of $4,000 as provided by the amendment, then, in the alternative, they pray for an injunction of the sale of 130 acres of the land and two mules, unless the property brings more than $2,000 at the proposed sale. From the judgment of the lower court granting the injunctive relief prayed for in plaintiffs' alternative demand and rejecting their claim under the amendment to Article XI, Section 1 of the Constitution adopted November 8, 1938, they have appealed.

Under the provisions of the Constitution as adopted in 1921 it was provided:

"There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family * * *; also two work horses, * * * to the value of two thousand dollars.

"Provided, that in case the homestead exceeds two thousand dollars in value, the beneficiary shall be entitled to that amount in case a sale of the homestead under legal process realizes more than that sum. * * *" Article XI, Section 1.

By the amendment adopted on November 8, 1938 the above section was changed so as to increase the amount from $2,000 to $4,000, and adding the clause "* * * if the sale does not realize more than that

sum, over and above all costs and expenses, said sale shall be null and void."

The question that presents itself for consideration, therefore, is whether or not the adoption of the amendment of Section 1 of Article XI of the Constitution of 1921 increasing the value of the homestead exemption allowed the debtor from $2,000 to $4,000 subsequent to the incurring of the contractual obligation between the plaintiff W. T. Daniel and the defendant bank is in violation of the Constitution of the United States, Article I, Section 10, U.S.C. A. prohibiting any state from passing any "Law impairing the Obligation of Contracts."

██ "Although there are a few early decisions to the contrary, *the rule is now settled that a constitutional or statutory provision establishing or materially increasing a homestead exemption is within the federal prohibition of laws impairing the obligation of contracts in so far as it relates to debts contracted before its adoption.* * * * On the other hand, such exemption laws have been held valid where the property involved was already exempt under a law in force at the time the contract was executed, or where the value of the property actually selected was not greater than was allowed by such earlier law. * * *" 16 Corpus Juris Secundum, Constitutional Law, § 390, p. 839. See, also, Blouin v. Ledet, 109 La. 709, 33 So. 741; Succession of Clement, 146 La. 385, 83 So. 664, reversed on other grounds; Bank of Minden v. Clement, 256 U.S. 126, 41 S.Ct. 408, 65 L.Ed. 857; Gunn v. Barry, 15 Wall. 610, 21 L.Ed. 212; Edwards v. Kearzey, 96 U.S. 595, 24 L.Ed. 793; Kener v. La Grange Mills, 231 U.S. 215, 34 S.Ct. 83, 58 L.Ed. 189; In re Fox, D.C.Cal., 16 F. Supp. 320; Rieger v. Wilson, 102 Mont. 86, 56 P.2d 176; Medical Finance Ass'n v. Wood, 20 Cal.App.Supp.2d 749, 63 P.2d 1219; Herrington v. Godbee, 157 Ga. 343, 121 S.E. 312. (Italics ours.)

Moreover, under the express provisions of Section 2 of Article XI of the Constitution as originally written and as amended in 1938, it is provided that "Rights to homesteads or exemptions, under laws, or contracts or obligations existing at the time of the adoption of this Constitution, shall not be impaired, repealed or affected by any provision of this Constitution, or any laws passed in pursuance thereof. * * *"

██ The plaintiffs contended in the lower court and urge here that it was encumbent upon the defendant bank, in order to have the property claimed by them as a homestead sold, to prove that the value thereof exceeded the amount allowed by the Constitution, which it not only failed to do, but also objected to plaintiffs showing that the value of the property did not exceed the amount fixed by the Constitution, which objection was sustained by the lower court.

This contention is without merit. As pointed out by this court in the case of Lee v. Cooper, 155 La. 143, 98 So. 869, 870, under the provisions of Article XI, Section 1 of the Constitution of 1921, " * * * the homestead exemption does not give to the beneficiary the absolute right to prevent a seizure or sale of the homestead. The exemption gives the beneficiary the right merely to require that the property shall not be sold unless for a sum exceeding $2,000, in

which event he shall have $2,000 of the proceeds." See, also, Jefferson v. Gamm, 150 La. 372, 90 So. 682; Andrews v. McCreary Lumber Company, 155 La. 730, 99 So. 579, 33 A.L.R. 608; Oden v. First National Bank of Shreveport, 182 La. 591, 162 So. 189.

For the reasons assigned, the judgment of the lower court is affirmed at appellants' cost.