**In re Virgil N. & Bozena T. WING, Debtors.**

**Bankruptcy No. 83–00407.**

United States Bankruptcy Court, District of Columbia.

Oct. 3, 1985.

---

Patricia S. Channon, Washington, D.C., for trustee.

Paul D. Crumrine, Miller, Loewinger & Associates, Washington, D.C., for debtor.

Brian R. Seeber, Washington, D.C., for Creditor Ben Hersh.

## ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Upon consideration of the Debtors' motion for voluntary dismissal without prejudice, and the Trustee's objection thereto, it is

ORDERED that the Debtors' motion is granted, and this case is hereby DISMISSED without prejudice, PROVIDED that the Orders of Discharge of these Debtors dated December 6, 1983 are hereby VACATED.

Through an error of counsel, the Debtors filed this case in the District of Columbia and claimed the federal exemptions. They would be entitled to the federal exemptions were they domiciliaries of the District of Columbia, but their domicile is Virginia. Virginia is an "opt-out" state, which, as the Bankruptcy Code permits, has opted out of the federal exemptions.[1] Moreover, under Virginia law, debtors are required to file a homestead deed *before* filing a bankruptcy

---

1. This Court has reservations about the constitutionality of that portion of the Bankruptcy Code which delegates to each individual state the right to nullify the federal exemptions within that state's borders. *See Schechter Poultry Corp. v. United States,* 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935).

This Court recognizes that there is authority upholding the constitutionality of the opt-out provision. E.g., *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983); *In re Sullivan,* 680 F.2d 1131 (7th Cir.1982).

But there is also authority which seems to this Court to point in the opposite direction. Kofler, "The Bankruptcy Clause and Exemption Laws: A Reexamination of the Doctrine of Geographic Uniformity," 58 N.Y.U.L.Rev. 22 (1983); and Note, "Controversy Surrounding Exemption Uniformity: The Opt-Out Provision of Section 522 of the New Bankruptcy Code," 13 U.Tol.L. Rev. 1111 (1982); In re Deckert, 7 Fed.Cas. 334 No. 3728 (C.C.E.D.Va.1874), holding the 1867 Bankruptcy Act unconstitutional because its operation made state exemption laws controlling in some states and a federal exemption law controlling in others; *see Kener v. La Grange Mills,* 231 U.S. 215, 34 S.Ct. 83, 58 L.Ed. 189 (1913), holding a state exemption statute unconstitutional notwithstanding federal incorporation into the bankruptcy law. *And see In re Davis,* 16 B.R. 62 (Bankr.D.Md.1981).

However, according to their motion to dismiss, "[t]he Debtors do not have the resources to afford an attack on the constitutionality of the Virginia 'opt-out' statute ..."

petition, in default of which they lose their entitlement to most of the exemptions otherwise allowed under Virginia law. *Zimmerman v. Morgan,* 689 F.2d 471 (4th Cir. 1982). The Debtors wish to file a new bankruptcy petition in Virginia after filing a Virginia homestead deed.

The Trustee contends that "ignorance of the law is no excuse" and that creditors would suffer "substantial prejudice" if the Debtors are permitted to dismiss this case, and then file a homestead deed and a new bankruptcy petition in Virginia. One creditor has joined the Trustee in objecting to the Debtors' claim of the federal exemptions, which the Debtors now concede was erroneous (unless the opt-out provision of the Bankruptcy Code is unconstitutional).

Courts do sometimes permit litigants to escape the consequences of their attorneys' as well as their own mistakes. Thus, "excusable neglect" is a well-recognized basis for relief from failure to act timely (Fed.R.Civ.P. 6(b); Bankruptcy Rule 9006(b)), and even a basis for relief from a final judgment (Fed.R.Civ.P. 60(b); Bankruptcy Rule 9024). Such relief may be granted if no prejudice to other parties will result. See generally this Court's decision in *In re Hand,* 4 B.C.D. 728, 18 C.B.C. 206 (1978).

In *Lucius v. McLemore,* 741 F.2d 125, 126 (6th Cir.1984), finding no inconsistency between Bankruptcy Rule 1009 and 11 U.S.C. § 522(l), the court permitted debtors to amend their claims of exemptions "as a matter of course at any time before the close of the case." And in *Shirkey v. Leake,* 715 F.2d 859, 863 (4th Cir.1983), the court held that allowing liberal amendment of a Virginia homestead deed, in order to correct a mistake of counsel, was permissible under both Virginia exemption law and federal bankruptcy law.

In this case, permitting dismissal here and refiling in Virginia after a homestead deed is filed will not prejudice any legitimate interests of creditors.[2] Creditors will receive exactly what they are entitled to under the Bankruptcy Code and under Virginia exemption law. They will be deprived only of a windfall resulting from a mistake by Debtor's counsel. That is not the type of "prejudice" that should be legally cognizable. And it flies directly in the face of the "fresh start" concept which is at the heart of modern bankruptcy law. *See Local Loan Co. v. Hunt,* 292 U.S. 234, 244–45, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). This Court disagrees, to the extent of any inconsistency, with holdings such as *In re Hall,* 15 B.R. 913, 917 (Bankr.App.9th Cir.1981), and *In re Myers,* 17 B.R. 410 (Bankr.E.D.Cal.1982).

The Debtors' motion to consolidate this case with two other related cases in this Court is hereby DENIED as moot in view of the granting of their motion to dismiss.

---

2. It could be argued that such a procedure allows too easy evasion of the Virginia statute which requires a homestead deed to be filed prior to a bankruptcy petition. That argument might carry more weight if the initial filing were in Virginia. Moreover, in this case there is no hint of any intent to evade. Rather there is a candid admission of error by counsel. No party has challenged the accuracy of that characterization, and indeed all parties seem to agree that error of counsel is exactly what is involved.