### No. 4531.

### FRANKLIN A. ROBERT *v.* LUCIEN D. COCO.

25 199
e109 711

This court can go behind the judgment of the court *a qua* to see when the obligations sued on arose between the parties.

The homestead law, exempting certain property from seizure on a judgment enforcing a mere ordinary debt is not unconstitutional. The rights of the creditor, and not his security, unless the security forms part of his contract, must be invaded before he can invoke the constitutional privilege on which he relies. The law, in this case, does not affect his vested rights, but only impairs his security for the payment of his claim.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *Butler*, J. *Henderson Taylor*, for plaintiff and appellee. *A. Barbin*, for defendant and appellant.

Justices concurring : Ludeling, Morgan, Howell.

MORGAN, J. In May 1869, Coco obtained judgment against Robert for $633 73. In March 1872 he issued execution, and seized thereunder a certain parcel of land belonging to his judgment debtor.

Robert injoins the sale on the ground that the land seized is all the property he owns; that the tract contains nearly one hundred and sixty acres; that it is his homestead; that it is not worth $2000; and that it is exempt under what is known as the homestead law from seizure, for the payment of the judgment obtained against him, which was based upon a mere ordinary debt.

There was judgment in his favor perpetuating the injunction, and the defendant has appealed.

The grounds upon which appellant claims a reversal of the decree against him are:

*First*—That we can go behind the judgment to see when the obligations sued on arose between the parties, and

*Second*—Because the obligations upon which Coco's judgment was rendered, having been contracted anterior to the passage of the homestead law, it is retroactive, *ex post facto*, and unconstitutional.

The first proposition is correct; the second is erroneous. We can examine as to when an obligation sued on was contracted, but it does not follow that the act of the legislature in question is null and void. He stands or falls upon the constitutionality or unconstitutionality of the law. Is it unconstitutional?

Appellant claims that "no *ex post facto* or retroactive law, nor any law, impairing the obligation of contracts shall be passed, nor vested rights be divested, unless for purposes of public utility and for adequate compensation made." True, this is the language of the constitution, but we do not see that the law of which he complains impairs the obligation of his contract, or divests him of any of his vested rights; his obligor is as much bound now, his vested rights in and to the property which he has acquired, are as perfect now as they were when he acquired them. His security for the payment of the debt may have been impaired by the law, with reference to a certain piece of property, but his rights under the obligations he holds have not been interfered with. It is his rights, not his security, unless the security forms part of his contract, which is not the case here, which must be invaded before he can invoke the constitutional privilege upon which he relies.

The notes sued on were ordinary obligations. The judgment rendered upon them was never recorded. Suppose, between the rendition of the judgment and the issuing of the *fi. fa.* another and a subsequent creditor had taken a mortgage upon the property and had caused it to be recorded, would this have interfered with the defendant's vested rights, or impaired the obligation of his contract? We imagine not.

There is no error in the judgment. It is therefore affirmed with cost.