See, also, State of Louisiana v. Chas. C. Buck and the Plaquemine Tropical Fruit Company, 46 La. Ann. 666, 15 South. 531.

It is ordered that the judgment of the court of appeal for the parish of Orleans do stand as the proper determination of the issue here presented.

---

(33 South. 741.)

No. 14,541.

BLOUIN et al. v. LEDET.

(Feb. 16, 1903.)

CONSTITUTIONAL LAW—VESTED RIGHTS—IMPAIRMENT OF CONTRACTS.

1. To give effect to a homestead law as against contractual debts or judicial mortgages already in existence at the time of its adoption, would be to impair the obligation of contracts, and to divest vested rights, within the meaning of the prohibition of the federal Constitution.

(Syllabus by the Court.)

Appeal from judicial district court, parish of Lafourche; Louis P. Caillonet, Judge.

Action by L. A. Blouin and others against P. A. Ledet. Judgment for plaintiffs, and the third opponent appeals. Affirmed.

Beattie & Beattie, for appellant. Clay Knobloch, for appellees Blouin and others. James B. Rosser, Jr., and Thomas A. Badeaux, for appellee Rousseau.

PROVOSTY, J. Defendant owned certain real estate, upon which there rested a conventional mortgage, first in rank, and a judicial mortgage, second in rank. To satisfy the conventional mortgage, the property was seized, and advertised to be sold, whereupon defendant filed a petition claiming that he had a homestead right upon the property, and that, after satisfying the conventional mortgage, the proceeds of the sale should be paid to him up to the amount of his homestead right of $2,000, in preference to the judicial mortgage creditor.

To support his claim defendant relies upon the homestead provisions of the Constitution of 1898. He fulfills all the conditions required as a basis for the claim under the Constitution of 1898. He is the head of a family, and has no property other than the one in question; but the judgment from the registry of which arose the judicial mortgage against which he invokes the homestead was rendered and recorded in 1893, when the homestead law in force was that contained in the Constitution of 1879, which made registry a condition precedent to the existence of homestead rights, and his homestead was never recorded. If his claim is good, therefore, the reason must be that the homestead provisions of the Constitution of 1898 have effect as against debts that were already in existence at the date of the adoption of the Constitution, and can divest mortgage rights already acquired at that date.

Defendant contends that to give them that operation would be only to affect the remedy, and not to impair the obligation itself of the debt, nor to divest the mortgage, within the sense of the Constitution of the United States. The question as to the impairment of the obligation of contracts has been decided the other way by the Supreme Court of the United States (Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793), and, the matter involved being the interpretation of the fed-

eral Constitution, the decision is binding on this court; and, as to divesting attachment and judgment liens, even the courts that have given a retrospective operation to homestead laws have not gone so far as to permit the divestiture of liens. Am. & Eng. Ency. of Law (2d Ed.) vol. 15, p. 610. See, particularly, Cole v. La Chambre, 31 La. Ann. 41; Gunn v. Barry, 15 Wall. 622, 21 L. Ed. 212. In the cases of Robert v. Coco, 25 La. Ann. 199, and Doughty v. Sheriff, 27 La. Ann. 355, the court emphasized the fact that the judgment had not been recorded, so as to operate a lien.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, with costs in both courts.