(61 South. 385.)

No. 19,228.

CRAIN v. MAGEE, Sheriff, et al.

(March 3, 1913.)

*(Syllabus by the Court.)*

1. CONSTITUTIONAL LAW (§ 180\*)—IMPAIRING OBLIGATION OF CONTRACTS—EXEMPTIONS.

Property exempted from seizure by the Constitution of 1898 is seizable under a judgment obtained on a claim of a date anterior to its passage, because to hold that the Constitution could retroactively impress that property with a new characteristic would have the effect of impairing the obligations of the parties to the contract, and depriving the judgment creditor of a right which he formerly possessed.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 498–500; Dec. Dig. § 180.\*]

2. HOMESTEAD (§ 46\*)—CONSTITUTIONAL PROVISIONS—CONSTRUCTION.

As the rights and obligations of the parties were governed by the Constitution of 1879, the judgment debtor cannot claim the homestead exemption under that Constitution, as he failed to register his homestead, a necessary prerequisite to claiming a homestead exemption from seizure.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 63; Dec. Dig. § 46.\*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thos. M. Burns, Judge.

Action by Louis Crain against Joe N. Magee, Sheriff, and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Carter & Carter, of Franklinton, for appellants. Herman E. Gayer, of Franklinton, for appellee.

BREAUX, C. J. The issues relate to property claimed by plaintiff under the homestead law.

Plaintiff avers that the property has been seized and advertised for sale, and that an injunction is necessary to protect his rights. He asks that the property be decreed exempt from seizure.

Plaintiff is the head of a family, resides upon the land, has no other home, and the property is worth less than $2,000.

In every respect, his demand is within the provisions of the homestead law, except in one particular; that is, the date of his indebtedness to defendant, his creditor, who has a judgment which he seeks to execute, and which plaintiff has enjoined on the ground that the property is his homestead.

The seizing creditor's claim, the collection of which is enjoined, is anterior in date to the adoption of the Constitution of 1898.

The judgment in question was rendered on the 16th day of December, 1907. The note upon which it was obtained was dated May 16, 1895, and matured 6 months after date.

As to rights arising prior to the Constitution of 1898, and under the Constitution of 1879, the defendant alleges that the homestead cannot be of any avail under the prior Constitution because it has never been registered.

[1] The Constitution of 1898 took effect from the date of its adoption, and does not relate back to a prior period.

The contention of plaintiff is that defendant's note could not have prevented him from selling the property, had he chosen to sell it.

That is quite true, but none the less defendant remains with a prior right of date prior to the Constitution of 1898. The holder of the note, the defendant, had a right to have seized all of plaintiff's property. To the end of defeating that right, plaintiff cannot plead that which he might have done —that is, that he might have seized or sold the property—as it is not a factor in determining the issues. Taking the facts as they are, defendant's rights begin with the date of the note.

Passing from the facts to the decisions upon the subject, they hold that the date of the debt must be considered in deciding the right of the creditor. If the date precedes the provisions of the exempting law, the latter cannot be held to prejudice the claim; they being in contravention to the federal Constitution. This was the view, in substance, expressed in Blouin v. Ledet, 109 La. 710, 33 South. 741, a directly pertinent decision.

The restriction of the Constitution of the United States applies to all claims as being superior to a homestead if anterior in date.

A learned opinion of the federal Supreme Court, cited as authority, is quite illuminating and interesting. It clearly states that nothing should be done which substantially impairs and lessens the value of an obligation. Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793.

It follows that defendant's claim is unaffected by the Constitution subsequent in date.

There is other authority equally as clear holding that obligations are not to be impaired by subsequent legislation. These authorities relate particularly to exemption of property from seizure under exempting acts.

See Gunn v. Berry, 15 Wall. 610, 21 L. Ed. 212, in which the court holds that the Legis-

lature cannot impair contracts. It is forbidden.

[2] Now, as relates to the Constitution of 1879: As plaintiff's homestead claim was never registered, he cannot claim the benefit which it confers upon those who were entitled to exemption. His claim was never registered.

For reasons stated, the judgment is affirmed.