121 So.2d 311 (1960)
Forrest W. DEROUEN, D/B/A F. W. Derouen Electric Company, Plaintiff-Appellant,
v.
Arneth LARD et al., Defendant-Appellees.
No. 5041.
Court of Appeal of Louisiana, First Circuit.
May 31, 1960.
Rehearing Denied June 29, 1960.
*312 Elsie May Whitman, Lake Charles, Devan D. Daggett, Jr., New Orleans, for appellant.
Dodd, Hirsch, Barker & Meunier, Wilfred H. Boudreaux, Jr., New Orleans, Tyndall & Baggett, Lake Charles, for appellees.
Before TATE, FRUGE and SAVOY, JJ.
FRUGE, Judge ad hoc.
This suit was consolidated in the district court for purpose of trial with the case of John Wiley, D/B/A Wiley Electric Company against same defendants, and since both contain identical legal issues, we will treat the cases in this opinion as one, but with separate decrees.
Plaintiff-appellants are both electrical contractors in Calcasieu Parish. They both filed suits against the defendants alleging that the defendants' acts, which were primarily concerned with picketing as a result of a labor dispute, constituted an unlawful restraint of the plaintiffs' trade and businesses as electrical contractors.
Defendants-appellees filed an answer and exceptions to the rule to show cause why a preliminary injunction should not be granted. In addition to the exception to the jurisdiction of the court ratione materiae an exception of want of proper citation and exceptions of no right or cause of action were also filed. However, this matter was dismissed by the trial court on the exception to the jurisdiction of the court ratione *313 materiae and the other exceptions were not reached.
The question for decision is can an act of Congress be applied retroactively and retrospectively as to affect the substantive rights of the parties and thereby create jurisdiction in the state court over a matter which occurred prior to the enactment of the act of Congress.
This matter is brought about by the amendment to 29 U.S.C.A. § 164, commonly called the Labor Management Relations Act by the addition of paragraph (c) subsections (1) and (2) which were enacted by the Congress of the United States and went into effect on November 13, 1959.
The section of the Act in question reads as follows:
"(c) (1) The Board, in its discretion, may, by rule of decision or by published rules adopted pursuant to the Administrative Procedure Act, decline to assert jurisdiction over any labor dispute involving any class or category of employers, where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction: Provided, That the Board shall not decline to assert jurisdiction over any labor dispute over which it would assert jurisdiction under the standards prevailing upon August 1, 1959.
"(2) Nothing in this Act shall be deemed to prevent or bar any agency or the courts of any State or Territory (including the Commonwealth of Puerto Rico, Guam and the Virgin Islands), from assuming and asserting jurisdiction over labor disputes over which the Board declines, pursuant to paragraph (1) of this subsection, to assert jurisdiction."
We note that plaintiff-appellant seriously contends that the enactment of this amendment by the Congress, which came after (Dec. 1959) the rendition of the trial court judgment herein, (June, 1959) appears to be "an answer" to the situation, inasmuch as the amendment is purely remedial and affects matters of procedure and is not a change in substantive law. This is their basis for their contention that the aforesaid amendment should be given retroactive effect by this court.
Prior to the above quoted amendment to the Labor Management Relations Act, the Supreme Court of the United States, beginning with the landmark decision of Garner v. Teamsters, Chauffeurs & Helpers Local Union No. 776 (AFL) et al., 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228, and culminating with the three landmark decisions of Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S.Ct. 598, 609, 1 L.Ed.2d 601; Amalgamated Meat Cutters, etc., et al. v. Fairlawn Meats, Inc., 353 U.S. 20, 77 S.Ct. 604, 1 L.Ed.2d 613; and San Diego Bldg. Trades Council v. Garmon, 353 U.S. 26, 77 S.Ct. 607, 1 L.Ed.2d 618, has held consistently that state courts or state labor agencies were without jurisdiction to entertain matters concerning labor disputes over an industry affecting interstate commerce, the only exception to that doctrine being that the states under their police power could entertain suits wherein there existed violence or threats of violence. The court stated unequivocally that Congress by the enactment of the National Labor Relations Act and the creation of the National Labor Relations Board had preempted the entire field of labor relations in industries affecting interstate commerce and the courts specifically held in the Guss, Amalgamated Meat Cutters, etc., et al., and San Diego Bldg. Trades Council cases, supra, that the state courts and state boards were without jurisdiction to hear matters involving a labor dispute in an industry affecting interstate commerce even if said industry did not meet the jurisdictional standards set out by the National Labor Relations Board. Thus, there existed a judicial "no man's land". As the court pointed out the National Labor Relations Board had exclusive jurisdiction to *314 hear all matters involving a labor dispute in industries affecting interstate commerce and because they declined to exercise a portion of this jurisdiction in those industries that did not meet the jurisdictional standards of the Board did not create jurisdiction in state courts or state boards to entertain these cases.
We readily recognize that there is a well established constitutional rule that the Congress of the United States or state legislatures may pass laws which will act retrospectively or retroactively as long as said laws do not take away or impair vested rights acquired under existing laws or creates new obligations or imposes a new duty or attaches a new disability with respect to transactions or considerations already passed.
It is a further constitutional rule that courts do not infer that an act will act retroactively or retrospectively unless the clear language of the act provides for retroactive or retrospective effect or that the inescapable inference to be drawn from the act is that it must act retrospectively or retroactively.
The recent case of Brown v. Indemnity Insurance Co. of North America, La.App., 108 So.2d 812, wherein the Second Circuit held that the recent amendments to the Louisiana Workmen's Compensation Law, LSA-R.S. 23:1021 et seq., wherein an injured workman in addition to having the right to bring his action at the domicile of the defendant or the parish wherein the accident happened could also bring this action at his own domicile. The court held that this would apply to a case wherein the cause of action accrued prior to the passage of the amendment to the Workmen's Compensation Act. However, it is important to note that in that case they were dealing with a venue statute that created an additional remedy in that the injured plaintiff in addition to suing at the domicile of the defendant or the parish wherein the accident occurred could also bring his cause of action in the parish wherein he resided. We observe that in that case although the statute in question was given retroactive effect the court stated that it did not impair or change a substantive right but merely created a new remedy that the right to bring the workmen's compensation suit had existed prior to the passage of the statute and the fact that the plaintiff could bring the suit in the parish wherein he was domiciled in no way impaired a substantive right of the defendant.
The distinguishing feature between the Brown case and the instant case, as to the constitutional question, is that in the instant case the plaintiff did not have a substantive right that he could exercise under the laws of Louisiana since the facts of the case showed clearly that it was a labor dispute involving an industry affecting interstate commerce and that any right he might have had relative to that labor dispute were rights granted by the National Labor Relations Act and all of the rights of defense to any claim for unfair labor practice that could be urged by the defendants-appellees were also rights that were granted by the National Labor Relations Act as interpreted by the above quoted decisions of the United States Supreme Court.
There is nothing in the language of the amendment to said act that would indicate to this court that it was ever the intention of Congress that by amending the act Congress intended the act to be applied retroactively or retrospectively. It seems to us that it is only in those cases which have been presented to the Board and the Board has declined to exercise its jurisdiction that the court then can exercise jurisdiction. There is a further proviso in the Act that the Board shall not decline to assert jurisdiction over a labor dispute if it would assert jurisdiction under the standards prevailing as of August 1, 1959.
We are therefore of the opinion that since the action of plaintiffs is allegedly a continuing one that they have a right to file a charge before the National Labor Relations Board for any action occurring *315 after November 13, 1959, (the effective date of the amendment to the National Labor Relations Act) and if their charge is dismissed because the Board declines to accept jurisdiction over the matter, then the State Court would have jurisdiction.
For these reasons, we affirm the trial court Judgment in this case, sustaining exception to the jurisdiction ratione materiae concerning alleged acts occurring prior to November 13, 1959 at Plaintiff's costs.
Amended and affirmed.