TATE, Judge.
The trial court sustained an exception of no cause of action filed to a third-party demand. This appeal is by the third-party plaintiffs (defendants in the original action) from the consequent dismissal of their third-party demand.
By the principal demand of this tort suit, the plaintiff prays for certain damages resulting from a motor vehicle accident of September 1, 1960. A companion suit decided this same day (Brown v. New Amsterdam Cas. Co., 136 So.2d 286) is brought by another plaintiff to recover for other damages resulting from the same accident. The accident was caused allegedly through the negligence of Eugene Jones;- made de-, fendants are the employers, and insurers of Jones.
By the present third-party demand, these defendants implead as third-party defendant the liability insurer (“Hartford”) of a driver alleged to be a joint tortfeasor with Jones, if the latter is indeed held to be negligent. By this third-party demand the defendants seek to enforce contribution from Hartford of its proportionate share of-the recovery, if the defendants are held liable.
The defendants’ impleader by third-party demand of Hartford as an alleged joint tortfeasor is founded upon Civil Code Article 2103, as amended by Act 30 of 1960, which pertinently provides: “A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary' co-debtor by making him a third party defendant in the suit, * * * whether or not the third party defendant was sued by the plaintiff initially * * The legislature specifically provided that the 1960 amendment was to become effective on January 1, 1961.
Prior to the amendment of this Civil' Code article by Act 30 of 1960, a tortfeasor could not, under the settled jurisprudence, enforce contribution from a joint tortfeasor unless and until both had been cast in solido by judgment secured against -them by the injured party. See Kahn v. Urania Lumber Co., La.App. 2 Cir., 103 So.2d 476, and authorities comprehensively discussed therein. As summarized in a scholarly review of the Louisiana jurisprudence on the question, “there is no contribution between joint tort-feasors where the injured does not assert the right against both; the sued cannot enforce contribution from the one not sued.” Holloman, “Contribution between Tortfeasors: Treatment by the Courts of Louisiana”, 19 Tul.L.Rev. 254 (1944), 262.
Thus, at the time the accident occurred on September 1, 1960, Hartford’s insured or Hartford itself could not-be impleaded by *285 the defendants as a joint tortfeasor; Hartford or its insured could only be joined as defendants at the instance of the plaintiff. The assumed intention of the 1960 amendment was, effective as of January 1, 1961, to permit the impleading of those solidarity liable as alleged joint tortfeasors, such as Hartford, at the instance also of defendants alleged to be tortfeasors, as well as by the injured plaintiffs. The present suit was filed on February 13, 1961, after the effective date of the amendment.
Succinctly, if the 1960 amendment was remedial legislation changing the procedural law, then perhaps the defendants are entitled to implead Hartford as third-party defendant in the present suit; but, if this amendment changed the substantive law, then it does not apply retroactively and did not affect substantive rights vested as of September 1, 1960, when the accident occurred, before the effective date of the amendment (as the trial court held in dismissing the third-party demand against Hartford). Henry v. Jean, 238 La. 314, 115 So.2d 363; Manuel v. Carolina Casualty Ins. Co., La.App. 3 Cir., 136 So.2d 275 (No. 350, docket of this court; decided this same day); Derouen v. Lard, La.App. 1 Cir., 121 So.2d 311; Davis v. United Fruit Co., La. App. 4 Cir., 120 So.2d 273; Brown v. Indemnity Insurance Co., La.App. 2 Cir., 108 So.2d 812.
The defendants make a strong logical argument that the 1960 amendment of Civil Code Article 2103 is a procedural and not a substantive change, since it merely supplied the procedural mechanics to enforce the ancient codal right of one solidary obligor to compel contribution from another. It is argued that, as between joint tort-feasors, procedural reasons only, previously to the 1960 amendment, prevented the contribution permitted in the case of other solidary obligors, and that the 1960 amendment is procedural legislation providing a method by which one tortfeasor may compel contribution from another solidarity liable.
Identical arguments were rejected by the courts when, after adoption of Louisiana and federal third-party practice procedures, it was suggested that procedural reasons only had previously prevented joinder of one joint tortfeasor by another to compel contribution, in the absence of a joinder by the plaintiff. Kahn v. Urania Lumber Co., La.App. 2 Cir., 103 So.2d 476; Linkenhoger v. Owens, 5 Cir., 181 F.2d 97 (1950). See also: Annotation, “Right of defendant in action for personal injury or death to bring in joint tortfeasor for purpose of asserting right of contribution,” 11 A.L.R.2d 228. Under these decisions and the jurisprudence therein cited, the right of one alleged to be a joint tortfeasor not to be impleaded at the instance of another, nor to be required to contribute to a judgment secured against the latter by the plaintiff, was a substantive right under Louisiana law at the time the accident occurred. These holdings are determinative of the present question.
For, at the time of the accident, Hartford thus had a substantive right to be free of the necessity to defend a suit based upon the accident or to contribute to any judgment secured against an alleged joint tort-feasor, if Hartford was not joined as a party defendant in such a suit at the instance of the plaintiff. This substantive right to be free of suit or of the exposure to a call for contribution, unless made defendant by the plaintiff, cannot be affected by the subsequently-effective legislation.
Under the law in effect at the time of the accident, Hartford could assure itself of freedom from any claim for the plaintiff’s damages, or from any necessity to defend against such a claim, by persuading the plaintiff, by settlement or otherwise, not to implead it in the suit for damages. Hartford’s right to secure freedom from further claim by independent arrangement with the plaintiff, and without securing the concurrence of the present defendants (who because of larger or no policy limits are exposed to a far larger recovery by the plaintiff), is substantive in a practical sense as well as under the jurisprudence.
*286 The trial court correctly held that Hartford could not be impleaded as third-party defendant because of the substantive law in force at the time of the accident. We affirm its judgment dismissing the third-party demand. The costs are assessed against the defendant-appellants.
Affirmed.
On Application for Rehearing
En Banc. Rehearing denied.