CULPEPPER, Judge.
Under the provisions of LSA-Const. Article 14, Section 15.1, paragraph 31, the appellee herein, Charles E. George, appealed to the district court from a decision of the Lake Charles Municipal Fire & Police Civil Service Board setting aside his promotion from captain to district fire chief. The *665 -district court reversed the decision and ordered the City of Lake Charles and the hoard to reinstate Mr. George in the position and classification of district fire chief. From this judgment, the City of Lake Charles has appealed.
The substantial issues are: (1) Was George’s 1963 promotion to district fire chief illegal? (2) Can a 1965 rule of the hoard, prohibiting promotion unless a permanent vacancy exists, be given retroactive effect so as to nullify Mr. George’s 1963 promotion ?
The general facts out of which this litigation arose are succinctly set forth by the district judge in his written opinion as -follows:
“The evidence presented at the hearing conducted by the Board at Mr. George’s request on September 27, 1965, reflects that on or about June 1, 1962, at the direction of the Mayor and Chief of the Fire Department of the City of Lake Charles, the appellant, who was then classified as a Captain, began to perform the duties of a District Fire Chief, relieving other District Fire Chiefs when they were away from duty on vacation or other authorized leaves of absence. Except for the time spent on his own vacation and possibly one or two other days, Mr. George continued to serve as a District Fire Chief from the first part of June, 1962, through the month of December, 1962, and he was paid as such for this full period. For some reason that is not readily apparent the personnel form reflecting his probational promotion was not completed until October 1st, 1962. However, on January 20th, 1963, the appointing authority, acting through the Mayor and Fire Chief, advised the Board that Mr. George had satisfactorily completed his working test period, recommended that the effective date of his probational promotion be changed on the records from October 1st, 1962, to June 1st, 1962, and confirmed and accepted Mr. George as a regular and permanent District Fire Chief. The Board approved such action. (G-2, 3 and 9).
“Mr. George continued to perform the duties of a District Fire Chief when needed to relieve other persons in that capacity, and otherwise served as Captain, until August 25th, 1965, and he was paid accordingly. On that date the appointing authority, with the approval of the Chairman of the Board, executed a personnel action form providing in his case a “Reversal of Promotion” from District Fire Chief to Captain effective June 1st, 1962. (G-4). The appellant testified that he actually worked as a District Fire Chief for about eight months in each of the years 1963 and 1964 and about three months in 1965.
“On July 30th, 1965, the Board held a public hearing to consider two matters. It first heard a complaint concerning alleged discrimination by Fire Chief Richard Sarvaunt, which was rejected after due consideration. Thereafter a hearing was held with reference to the promotion of certain persons in the classified service of the Fire Department to positions where no vacancies existed. The minutes show that Charles E. George took an active part in both hearings. (G-l).
“On August 6, 1965, the Board rendered the following decision in regard to matters of promotions:
“ T — That in order to comply with Sec. 25, the working test period will be six months of continued duty performed after probational promotion is granted.’
“ ‘2 — That no permanent promotion shall be made in the Fire Dept, to a position where no permanent vacancies exist.’
“As a consequence, on August 25th, 1965, Mr. George’s personnel action form was executed, reducing him in rank from a District Fire Chief to Captain for the reason ‘that he was improperly and *666 erroneously promoted to the classification of District Fire Chief on June 1, 1962, as no vacancy existed in the District Fire Chief class at that time and that further on January 20, 1963 it was erroneously stated that he had completed the working test period and considered permanent in class as he had not worked 6 months of continuous duty as a District Fire Chief on that date.’ (G-4).”
In this court the City of Lake Charles argues that by promoting Mr. George to district fire chief in 1963 the board, in effect, adopted a new rule without complying with the rule-making requirements of law. LSA-Const. Art. 14, Sec. 15.1, par. 8 provides that the board may adopt rules to carry out the purposes of the law; and specifies the required notices, delays, etc., none of which were observed here. Paragraph 13 provides that the board shall adopt a classification plan by title, rank, etc. for the different positions in the fire department ; and that the classification plan shall be adopted as a rule of the board, in the manner provided by paragraph 8.
Our answer to this argument is that the 1963 promotion of Mr. George was not the creation of a new class, requiring compliance with the rule-making provisions of the constitution. The classification of district fire chief was already in existence. The board simply allocated an additional position, a relief man, to the existing class of district fire chief. Applicable here are the provisions of LSA-Const. Art. 14, Sec. 15.1, par. 14 reading in pertinent part as follows:
“Allocation of Position to Classes. The board, or chairman thereof subject to the subsequent approval of the board, as soon as practicable (not exceeding forty-five days) after the adoption of a classification plan, after consultation with the appointing authorities concerned, shall allocate each position in the classified service to its appropriate class; and thereafter shall likewise allocate each new position created in the service, and, when for the benefit of the service, reallocate positions from class to class.”
Thus, in the present case, the board, after consultation with and approval of the mayor, as appointing authority, allocated this new position, needed to relieve district fire chiefs on vacation or leave, to the existing classification of district fire chief. Mr. George, being first on the promotion list, was assigned to this new position. There was nothing illegal or improper in this action. No constitutional provision prohibits a relief position, or promotion to the class of the relief position. And, the position was allocated and the promotion made in 1963, before the succeeding mayor and board adopted the new rule in 1965 that no permanent promotion shall be made to a class in which no permanent vacancy exists. See In Re Kelly, 224 La. 574, 70 So.2d 130 (1954) for a somewhat similar holding.
The city argues further that the 1963 promotion was illegal because George did not serve the full six-month “working test” period required by LSA-Const. Art. 14, Sec. 15.1, par. 25. The record shows that his “Probational Promotion” to district fire chief was effective June 1, 1962; and that he served continuously in that class, relieving different men who went on vacation, until the date of his permanent promotion on January 20, 1963, except for the time George went on his own vacation and one or two days he performed the duties of a captain. But, he was carried on the personnel records and paid as a district fire chief for the entire period of over six months. The trial judge correctly held the “working test” was satisfied.
The next issue is whether the board’s ruling of August 6, 1965, stating that “No permanent promotion shall be made in the fire department to a position where no permanent vacancies exist.”, can be given retroactive effect to demote Mr. George. The rule does not expressly state that it will operate retroactively. Our *667 jurisprudence is established that no law (and this ruling of the board has the effect of law under LSA-Const. Art. 14, Sec. 15.1, par. 8) shall be construed to operate retroactively unless it expressly provides for such effect. Long v. Northeast Soil Conservation District of Louisiana, 226 La. 824, 77 So.2d 408 (1955); Shreveport Long Leaf Lumber Company v. Wilson, 195 La. 814, 197 So. 566 (1940).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant.
Affirmed.