250 So.2d 768 (1971)
AMERICAN FINANCE CORPORATION OF COUSHATTA, INC., Plaintiff-Appellant,
v.
Tom Lee SMALL, Defendant-Appellee.
No. 11638.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1971.
*769 Gahagan & Kelly, by Donald G. Kelly, Natchitoches, for appellant.
Donald G. Horton, Coushatta, for appellee.
Before AYRES, HEARD and HALL, JJ.
HALL, Judge.
The issue in this case is whether a garnishment judgment rendered prior to the enactment of Act 242 of 1970 amending R.S. 13:3881(1) should be amended, on petition of the judgment debtor, to reflect the increased exemption from seizure provided in the 1970 act.
In February, 1969, appellant, American Finance Corporation of Coushatta, Inc., obtained a default judgment against appellee, Tom Lee Small, for the balance due on a promissory note. Subsequently, in April, 1969, a garnishment judgment was rendered ordering the Red River Parish School Board, Small's employer, to withhold 20% of the employee's wages, salaries and commissions until the judgment forming the basis of the garnishment has been duly paid, and to remit the amount withheld to the Sheriff of Red River Parish, Louisiana. The garnishment judgment further provided that the withholding shall in no way encroach upon the minimum amount exempt by law, to-wit, the sum of $100.00 per month.
The garnishment judgment gave effect to the law then in existence providing for an exemption from seizure of a portion of a debtor's wages, salaries, commissions or other compensation. R.S. 13:3881(1) provided:
"The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
"(1) Eighty per cent of the wages, salary, commissions, or other compensation earned by him, but in no case shall this exemption be less than one hundred dollars monthly;"
The exemption statute was amended by Act 242 of 1970 to provide for an increased exemption and, as amended, R.S. 13.3881(1) now provides:
"The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
"(1) Seventy-five per centum of his disposable earnings for any week, or the amount by which his disposable earnings for that week exceed thirty times the federal minimum hourly wage prescribed by Section 6(a) (1) Fair Labor Standards Act of 1938[1] in effect at the time the earnings are payable but in no case shall this exemption be less than at the rate of seventy dollars per week of disposable *770 earnings or a multiple or fraction thereof according to whether the employee's pay period is greater or lesser than one week. The term `disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld."
In January, 1971, the judgment debtor proceeded by rule against the judgment creditor, seeking to have the garnishment judgment amended and modified to reflect the increased exemption provided by R.S. 13:3881(1), as amended. Judgment was rendered by the district court modifying the original garnishment judgment and granting the judgment debtor an exemption in accordance with the amended statute. The judgment creditor, American Finance, has appealed.
Appellant contends that to apply the 1970 act to an existing garnishment judgment gives retroactive effect to the statute and divests appellant of vested rights acquired under the law as it existed at the time the original loan was made to the debtor, at the time the original judgment was rendered against the debtor, and at the time the garnishment judgment was rendered. Appellant argues that under Louisiana law statutes are presumed to be prospective and are not to be construed retroactively unless the statute itself expressly provides for such effect, which the statute does not do in this instance. Appellant further argues that to give retrospective effect to this statute as it applies to appellant's pre-existing rights would amount to an impairment of the obligations of contract in violation of the Louisiana and United States Constitutions, and statutes should not be construed so as to have an unconstitutional effect.
Appellee contends that the statute is purely procedural or remedial in nature and should be given a retroactive effect. It is argued that garnishment is merely a remedy or procedure for enforcing rights and that appellant has no "vested rights", particularly in view of R.S. 13:3923 which provides that a garnishment proceeding may be reopened by the court and the court shall retain jurisdiction to amend or set aside its judgment at any time. Appellee also points out the social objective of the amending statute to protect debtors from financial destitution and argues that the Legislature's intent was that the additional protection afforded debtors apply equally to existing and future garnishments.
The general rule is that statutes should be construed to operate prospectively unless the words employed show a clear intent that they should have a retroactive effect. D. & A. Const. Co. v. Jefferson Davis Parish School Board, 207 So.2d 542 (La. App.3d Cir. 1968); City of Lake Charles v. George, 188 So.2d 664 (La.App.3d Cir. 1966); Derouen v. Lard, 121 So.2d 311 (La.App. 1st Cir. 1960); Brown v. Indemnity Insurance Co. of North America, 108 So.2d 812 (La.App.2d Cir. 1959); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940). However, statutes relating solely to procedure or remedies are to be given a retroactive effect in the absence of language showing a contrary intention, unless such application adversely affects or impairs substantive or vested rights or the obligations of contract. Brown v. Indemnity Insurance Co. of North America, supra; General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953); State v. Standard Oil Company of Louisiana, 188 La. 978, 178 So. 601 (1937).
The basis for the rule that even remedial statutes should not be construed to operate retroactively where vested rights are impaired is that such construction would render the statutes unconstitutional in violation of Article 1, Section 10 of the United States Constitution and Article 4, Section 15 of the Louisiana Constitution which prohibit the enactment of laws impairing the obligations of contract. In the interpretation of a statute, courts should avoid an interpretation which would render the statute unconstitutional.
*771 The means of enforcing a contract is one of the obligations of the contract protected by the constitutional provisions. In this sense, the remedy is inseparable from the contract itself. In State ex rel. Porterie v. Walmsley, 183 La. 139, 162 So. 826 (1935), the Supreme Court stated:
"The obligation of a contract embraces the remedy, which includes all legal means allowed by law at the creation of the contract to enforce its performance or redress the injury resulting from its nonperformance. Collins v. Collins, 79 Ky. 88; Lapsley v. Brashears, 4 Litt. (Ky.) 47.
"By the obligation of the contract is meant the means, which at time of its creation, the law affords for its enforcement. Nelson v. Police Jury, 111 U.S. 716, 720, 4 S.Ct. 648, 28 L.Ed. 574, 575; Louisiana ex rel. Ranger v. New Orleans, 102 U.S. 203, 206, 26 L.Ed. 132."
These principles have been applied by both federal and state courts to statutes creating or enlarging exemptions from seizure, as such statutes relate to antecedent debts and obligations. The authoritative decisions of the United States Supreme Court on this issue began with Gunn v. Barry, 15 Wall. (U.S.) 610, 21 L.Ed. 212 (1873), in which the Court held a state law substantially increasing the amount of an exemption not only impaired the obligation of a pre-existing judgment but effectively annihilated the remedy. In Edwards v. Kearzey, 96 U.S. 595, 24 L.Ed. 793 (1878), the court squarely held that the remedy is inseparable from the contract itself and that a state constitutional provision increasing an exemption substantially impaired the obligation of an antecedent contract not reduced to judgment. The court held:
"The remedy subsisting in a State when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the state which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is, therefore, void."
And it also was stated:
"The obligation of a contract includes every thing within its obligatory scope. Among these elements nothing is more important than the means of enforcement. This is the breath of its vital existence. Without it, the contract, as such, in the view of the law, ceases to be, and falls into the class of those `imperfect obligations,' as they are termed, which depend for their fulfillment upon the will and conscience of those upon whom they rest. The ideas of right and remedy are inseparable. `Want of right and want of remedy are the same thing.'"
In Bank of Minden v. Clement, 256 U.S. 126, 41 S.Ct. 408, 65 L.Ed. 857 (1921), the contract clause was held violated by a state statute so far as it undertook to exempt from antecedent debts of an insured the proceeds of life insurance policies. In reversing the Louisiana Supreme Court which considered the exemption impaired the obligation only very slightly and remotely, the court held:
"In Sturges v. Crowninshield, 4 Wheat. 197, 198, 4 L.Ed. 529, opinion by Mr. Chief Justice Marshall, it was said: `What is the obligation of a contract, and what will impair it? It would seem difficult to substitute words which are more intelligible, or less liable to misconstruction, than those which are to be explained. A contract is an agreement in which a party undertakes to do, or not to do, a particular thing. The law binds him to perform his undertaking, and this is, of course, the obligation of his contract. * * * Any law which releases a part of this obligation must, in the literal sense of the word, impair it. * * * But it is not true that the parties have in view only the property in possession when the contract is formed, or that its obligation does not extend to future acquisitions. Industry, talents, and integrity constitute a fund which is as confidently trusted as property itself. Future acquisitions are, therefore, liable for contracts; and to release them from this *772 liability impairs their obligation.' And, in Planters' Bank v. Sharp, 6 How. [301] 327, 12 L.Ed. 447 [458], opinion by Mr. Justice Woodbury: `One of the tests that a contract has been impaired is, that its value has by legislation been diminished. It is not, by the Constitution, to be impaired at all. This is not a question of degree or manner or cause, but of encroaching in any respect on its obligation,dispensing with any part of its force.' Ogden v. Saunders, 12 Wheat. 213, 257, 6 L.Ed. 606, 621; McCracken v. Hayward, 2 How. 608, 612, 11 L.Ed. 397, 399; Edwards v. Kearzey, 96 U.S. 595, 600, 24 L.Ed. 793, 796.
"So far as the Statute of 1914 undertook to exempt the policies and their proceeds from antecedent debts, it came into conflict with the federal Constitution."
W. B. Worthen Co. v. Thomas, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344, 93 A.L.R. 173 (1934) involved a statutory exemption from execution of the proceeds of insurance policies. The court held the statute to be an unconstitutional impairment of contract obligations as applied to debts owing before the exemption was created. The court held:
"Such an exemption, applied in the case of debts owing before the exemption was created by the Legislature, constitutes an unwarrantable interference with the obligation of contracts in violation of the constitutional provision. Gunn v. Barry, 15 Wall. 610, 622, 623, 21 L.Ed. 212; Edwards v. Kearzey, 96 U.S. 595, 604, 24 L.Ed. 793; Bank of Minden v. Clement, 256 U.S. 126, 129, 41 S.Ct. 408, 65 L.Ed. 857. * * * This principle was applied to an exemption of insurance moneys, in relation to antecedent debts, in Bank of Minden v. Clement, supra. The argument of appellee that a judgment is not in itself a contract within the constitutional protection, and that it is competent for the State to alter or modify forms of remedies, is unavailing. The judgment and garnishment in the instant case afforded the appropriate means of enforcing the contractual obligations of the firm of which appellee was a member and the statute altered substantial rights. Gunn v. Barry, supra; Edwards v. Kearzey, supra; Fisk v. Police Jury of Jefferson, 116 U.S. 131, 134, 6 S.Ct. 329, 29 L.Ed. 587; Home Building & Loan Association v. Blaisdell, 290 U.S. 398, 430, 54 S.Ct. 231, 78 L.Ed. 413, 88 A.L.R. 1481."
The jurisprudence is summarized in 35 C.J.S. Exemptions §§ 5 and 6, as follows:
"An exemption law will not be construed as retroactive unless the intention that it shall so operate is clearly apparent, particularly where such construction would affect the rights of preexisting creditors or alter vested contractual rights, or would invalidate the statute, as where it would make the statute violative of constitutional provisions forbidding laws impairing the obligation of contracts or retrospective in their operation. Consequently the law does not apply as against debts in existence prior to the date it became effective. Effect will be accorded to provisions of exemption laws that they shall apply only as against judgments or liabilities on contracts entered into after their enactment or after a specified date thereafter, * * *"
* * * * * *
"A statutory amendment which adds to, increases, or extends exemptions granted by a prior law does not apply retroactively as against debts existing prior to the effective date of the amendment, or at least it will not be construed so to apply where, if so applied, it would violate constitutional prohibitions of laws impairing the obligation of contracts. In such case, the law in force at the time the debt was contracted, and not that which is in force when the exemption is claimed, will control as to the debtor's right of exemption; indeed, it has been broadly stated that the exemption laws in effect at the time of the creation of the obligation, and not those in effect at the time of an execution, determine what *773 personal property of the debtor is exempt. * * *"
In 31 Am.Jur.2d, Exemptions, Section 6, it is stated:
"Because of a broad dictum in a very early United States Supreme Court decision, some of the early state cases adopted the view that changes in exemption laws did not impair the obligation of contract, but related exclusively to the remedy, and there is authority that the legislature has power to increase the amount of a person's property which on his death will be exempt from the claims of his creditors, even as against those who are creditors of such person at the time that the legislature exercises such power. However, subsequently the Federal Supreme Court adopted the view that a state statute or constitutional provision which greatly increased the amount of an exemption not only impaired the obligation of a pre-existing judgment, but to all practical effects annihilated the remedy. Now the view squarely taken and generally accepted is that the remedy is inseparable from the contract itself and that statutes creating or enlarging exemptions substantially and materially are, as applied to pre-existing debts, unconstitutional as impairing the obligation of such contracts * * *"
Louisiana courts have dealt with the applicability of new or increased exemption laws to antecedent debts.
In Lavillebeuvre v. Heirs of Frederic, 20 La.Ann. 374 (1868), the court held that the widow of a mortgagor could not avail herself of the provisions of the homestead exemption act of 1865 where the obligations sued upon were contracted before the enactment of the law. The law in force at the time of the execution of the notes by the decedent was to be applied.
The court, in Robert v. Coco, 25 La.Ann. 199 (1873), rejected a contention that to apply the homestead exemption law to execution on a debt contracted prior to passage of the law would be an unconstitutional impairment of the obligation of contract. The court stated that although the creditor's "security" for payment of the debt may have been impaired, his "rights under the obligations he holds" were not interfered with. It should be noted, however, that this case was decided prior to Edwards v. Kearzey, supra, and, in our opinion, is inconsistent with later federal and state jurisprudence.
In Martin v. Kirkpatrick, 30 La.Ann. 1214 (1878), the court held that the homestead act could not be pleaded against debts created prior to its passage as such would impair the obligation of contracts in violation of the Constitution of the United States. Citing Edwards v. Kearzey, supra, as having "finally and authoritatively" settled the issue, the court stated:
"* * * That opinion is elaborate and exhaustive, and the decree received the approval of all the judges. It holds that so far as relates to debts created before the adoption of the constitutional provision exempting a homestead said provision is inoperative and void, and forbidden by the Constitution of the United States, as impairing the obligation of contracts by destroying the remedy in material respects. `The remedy,' says the Court, `subsisting in a State when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is therefore void.'"
It was held in Blouin v. Ledet, 109 La. 709, 33 So. 741 (1903) that the homestead exemption law of 1898 should not be applied as against a judicial mortgage recorded prior to enactment of the law. The court rejected the contention that retroactive operation of the law would only affect the remedy and not impair the obligation itself, citing Edwards v. Kearzey.
Crain v. Magee, 132 La. 312, 61 So. 385 (1913) involved the applicability of the *774 1898 homestead exemption law to a debt contracted prior to enactment of the law but not reduced to judgment until after enactment. In holding that the debtor could not claim the benefit of the later law, the court held:
"Passing from the facts to the decisions upon the subject, they hold that the date of the debt must be considered in deciding the right of the creditor. If the date precedes the provisions of the exempting law, the latter cannot be held to prejudice the claim; they being in contravention to the federal Constitution. This was the view, in substance, expressed in Blouin v. Ledet, 109 La. 710, 33 South. 741, a directly pertinent decision.
"The restriction of the Constitution of the United States applies to all claims as being superior to a homestead if anterior in date.
"A learned opinion of the federal Supreme Court, cited as authority, is quite illuminating and interesting. It clearly states that nothing should be done which substantially impairs and lessens the value of an obligation. Edwards v. Kearzey, 96 U.S. 595, 24 L.Ed. 793.
"It follows that defendant's claim is unaffected by the Constitution subsequent in date.
"There is other authority equally as clear holding that obligations are not to be impaired by subsequent legislation. These authorities relate particularly to exemption of property from seizure under exempting acts.
"See Gunn v. Barry, 15 Wall. 610, 21 L.Ed. 212, in which the court holds that the Legislature cannot impair contracts. It is forbidden."
This court, in Harris v. Monroe Building & Loan Association, 154 So. 503 (La.App. 2d Cir. 1934), made the following statement:
"The obligation of a contract is that which the law in force when the contract is made obliges the parties to do or not to do; the remedy, the legal means to carry it into effect. A subsequent law, which exempts all, or even part, of the debtor's property from execution, would therefore be unconstitutional. Likewise a subsequent law which would exempt a part of the debtor's obligation to do or to pay is unconstitutional. * *" (Emphasis supplied)
And in Hibernia Mortgage Co. v. Greco, 191 La. 658, 186 So. 60 (1938), the court held:
"The general rule, that a statute which destroys or impairs the means or remedy for the enforcement of the obligation of a contract impairs the obligation itself, and is therefore violative of the contract clause in the Constitution of the United States, is not disputed. Any such impairment of the obligation of a contract between individuals, or between private corporations, or between an individual and a private corporation, is within the prohibition of the Constitution, if the statute is * * * one which directly affects the means or remedy for enforcing the obligation. Walker v. Whitehead, 16 Wall. 314, 83 U.S. 314, 21 L.Ed. 357."
In the case now before this court, the debt was created, reduced to judgment, and executed through garnishment proceedings prior to the enactment of the amending statute of 1970. If the 1970 statute were to be applied retroactively in this instance, the creditor's rights under the pre-existing contract and judgments would be substantially and materially impaired. The substantial nature of the impairment is demonstrated by the result which would ensue in this case. Appellee's gross salary is $253.00 per month and his net salary is $235.29 per month or $58.83 per week. Under the present garnishment judgment based on the exemption law prior to the 1970 amendment, appellant is enforcing payment of the debt at a rate of approximately $50.60 per month. Under the 1970 amendment, appellee's wages would be entirely exempt and the *775 creditor would be effectively barred from enforcement of the debtor's obligation under its contract and judgment.
Appellee urges that the public policy and social objectives underlying the increased exemption contained in the 1970 act apply as much to existing debts and garnishment judgments as to future debts and garnishments. This may well be true, but policy and social objectives do not justify a violation of the constitutional prohibition against impairment of contract, under the several authorities cited above.
Appellee further contends that there can be no "vested rights" under a garnishment judgment because the garnishment law, particularly R.S. 13:3923, provides that a case may be reopened and the court shall retain jurisdiction to amend or set aside its judgment at any time. The purpose of this section is to allow changes in the judgment where there are changes in the debtor's employment status or rate of pay. Quick Finance Service, Inc. v. Youngblood, 243 So.2d 321 (La.App. 4th Cir. 1971) and Julius Aaron & Son v. Berry, 165 So. 496 (La.App. 2d Cir. 1936). These provisions of the garnishment statute have no bearing on the issue of the retroactive application of an amendment to the exemption statute. Furthermore, the "vested rights" of the creditor involved here stem from the original contract and the judgment rendered thereonnot from the garnishment judgment as such.
We hold that Act 242 of 1970, amending R.S. 13:3881 (1), does not apply to or affect a pre-existing garnishment judgment, which necessarily is based on a debt contracted and reduced to judgment prior to the effective date of the act. Accordingly, appellee is not entitled to a modification of the garnishment judgment in this case.
The judgment of the district court modifying the garnishment judgment previously rendered is reversed and there is judgment in favor of American Finance Corporation of Coushatta, Inc., defendant in rule, and against Tom Lee Small, plaintiff in rule, rejecting the demands of plaintiff in rule at his cost.
Reversed and rendered.
NOTES
[1] 29 U.S.C.A. § 206(a) (1).