FRUGÉ, Judge.
This is a personal injury suit for damages sustained as a result of an automobile accident. Plaintiff-appellant, Elias Leger, on behalf of his minor daughter, Jackie Leger, seeks a reversal of a judgment of non-suit for failure to pay jury costs timely according to the provisions of LSA-R.S. 13:3050. We reverse.
This suit, as well as the companion suit also presently before this court, Leger et al. v. Southern Farm Bureau Casualty Insurance Company and John E. Richard, 265 So.2d 265 (La.App.3rd Cir., 1972), were just before this court on an appeal from a summary judgment. For a detailed discussion of the facts, see those opinions: Leger v. Southern Farm Bureau Casualty Ins. Co., 251 So.2d 801 (La.App.3rd Cir., 1971), and Leger v. Southern Farm Bureau Casualty Ins. Co., 251 So.2d 805 (La.App.3rd Cir., 1971).
The present suit was filed on August 11, 1970. The companion suit was filed on December 8, 1970. Upon the filing of each suit, the customary filing fee of $25.00 was paid. No separate amount of $12.00 was paid as jury cost. The record shows that this separate cost was not paid in either suit until November 16, 1971.
Act No. 204 of 1972 deleted the requirement of a twelve-dollar deposit for jury costs under LSA-R.S. 13:3050 :
“In all civil cases in which a jury is prayed for and allowed, the party praying for the jury shall give bond in favor of the parish for such amount as may be determined by the judge to cover the cost of the jury . . . No jury shall be ordered in any civil case unless the bond is given .
“All laws or parts of laws in conflict herewith are hereby repealed.”
Since the payment of such costs is a procedural matter, this act, affecting such payment, may be applied retroactively and to pending suits. American Finance Corp. of Coushatta v. Small, 250 So.2d 768 (La.App.2nd Cir., 1971); Pelloat v. Greater New Orleans Expressway Com’n, 175 So.2d 656 (La.App.1st Cir., 1965), writ not considered, 248 La. 122, 176 So.2d 452 (1965). The effective date of this act has been reached, and therefore, it may be applied to the suit before us. Such application renders moot the question of the timeliness of the filing of the $12.00 fee.
For these reasons, the judgment of the trial court is reversed, and the case is remanded for a trial by jury on the merits. Appellees are to pay all costs of this appeal.
Reversed and remanded.