SAVOY, Judge.
On February 20, 1970, defendant obtained a loan from plaintiff. As security for said loan defendant executed a note in favor of plaintiff secured by a mortgage on certain property owned by defendant.
Defendant defaulted on the indebtedness, and on September 22, 1970, plaintiff obtained a money judgment against defendant.
Plaintiff then filed garnishment proceedings against defendant. Interrogatories were propounded to defendant’s employer, Natchitoches School Board, which answered setting forth defendant’s salary.
The district judge, on the hearing of the garnishment proceedings, held that the exemption of the wages of defendant would be governed by LSA-R.S. 13:3881(1), Act No. 242 of 1970 (effective July 2, 1970), rather than by LSA-R.S. 13:3881 (Act 119 of 1960).
The 1970 Act allows a much larger exemption from seizure of a debtor’s wages than does the 1960 Act.
The salary of defendant was determined by the court to be $254.00 per month. If the 1970 Act is applied, then no portion of defendant’s salary would be subject to garnishment; whereas, if the 1960 Act is applicable, 20% of his salary would be subj ect to garnishment.
Appellant contends that the trial judge was in error in allowing the exemption under the 1970 Act rather than the 1960 Act, *450 citing the case of American Finance Corporation of Coushatta, Inc. v. Small, 250 So.2d 768 (La.App. 2 Cir. 1971) and cases cited therein.
In the case of Hooter v. Wilson, 256 So.2d 808 (La.App. 4 Cir. 1972), the Court of Appeal followed the American Finance Corporation case cited above and held that Act 242 of 1970 was a substantive act, and therefore, was not retroactive. The Supreme Court granted a writ of review from the decision of the Fourth Circuit. On February 19, 1973, under docket number 52,251 in a case entitled Ory J. Hooter, d/b/a O. J. Hooter Furniture v. Wilson, La., 273 So.2d 516, the Supreme Court reversed the decision of the Fourth Circuit and held that Act 242 of 1970 was remedial and retroactive.
In view of the recent Supreme Court decision reversing the Court of Appeal, and, in effect, reversing American Finance Corporation of Coushatta, Inc. v. Small, supra, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.