RIEGER, Respondent, *v.* WILSON et al., Appellants.

(No. 7,507.)

(Submitted March 7, 1936.   Decided March 21, 1936.)

[56 Pac. (2d) 176.]

*Mr. Lawrence E. Gaughan* and *Messrs. Johnston, Coleman & Jameson,* for Appellants, submitted a brief; *Mr. Gaughan* argued the cause orally.

*Mr. E. E. Collins,* for Respondent, submitted a brief and argued the cause orally.

90

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In December, 1933, the defendant Chris Hoe secured a judgment against the plaintiff Daisy Rieger, a woman over sixty years of age, on a promissory note dated January 27, 1933, for $180, and in execution thereof the defendant Earl Wilson, as constable, seized, and, over the plaintiff's claim of exemption, sold an automobile of the agreed value of $150. The plaintiff then brought action against Hoe, Wilson, and the National Surety Corporation, Wilson's bondsman, for damages, which action resulted in a judgment for the plaintiff and against the defendants for the sum of $150, with interest and costs. The defendants have appealed from the judgment.

The sole question presented is as to whether or not the automobile sold was exempt from execution under the provisions of Chapter 120, Laws of 1933, effective March 14, 1933, in view of the fact that the judgment was obtained on a contract antedating the effective date of the Act creating a new exemption, to-wit: "In addition to all other exemptions, the following property is exempt from execution, where the debtor is the head of a family, or over sixty years of age: One truck or automobile of the value of not more than Three Hundred Dollars."

Our Constitution (sec. 11, Art. III) declares that "no *ex post facto* law nor law impairing the obligation of contracts

\* \* \* shall be passed by the legislative assembly,'' and the federal Constitution contains a like prohibition (sec. 10, Art. I).

In support of the judgment, the plaintiff asserts that exemptions affect the remedy, rather than the obligation of the contract, and that the rule adopted by the Supreme Court of the United States is that ''the remedy may be changed or modified, but not destroyed. The rights of the creditor which existed at the making of the contract must not be interfered with nor defeated, nor must he be seriously embarrassed in the remedy, beyond what he would have been had the law remained unchanged.'' Under this rule it has been held that the following changes in the remedy for the enforcement of contracts do not violate the prohibition of the federal Constitution: Providing for the forfeiture of lands on nonpayment of deferred payments on the purchase price (*Waggoner* v. *Flack*, 188 U. S. 595, 23 Sup. Ct. 345, 47 L. Ed. 609), changing the method of procedure (*Henley* v. *Myers*, 215 U. S. 373, 30 Sup. Ct. 148, 54 L. Ed. 240), and extending the period of redemption from foreclosure sale (*Home Building & Loan Assn.* v. *Blaisdell*, 290 U. S. 398, 54 Sup. Ct. 231, 238, 78 L. Ed. 413, 88 A. L. R. 1481). While the matters to which reference is made may affect the remedy, they do not reduce the fund from which the judgment may ultimately be satisfied, and, therefore, do not impair any substantial rights secured by the contract.

Plaintiff contends that this rule extends to uphold laws increasing exemptions after a contract has been entered into. On this contention reliance is placed upon the decision in *Bronson* v. *Kinzie*, 1 How. 311, 11 L. Ed. 143, and a few decisions of state courts following that decision, on the authority of which cases it is said in 12 C. J. 1075: ''On principle, exemption laws relate merely to the value of the remedy for the enforcement of contracts, and do not impair the obligation of contracts nor take away all remedy for their enforcement''; but in the same section of that work it is later said: ''The rule now established by the United States Supreme Court, however, is that laws materially extending exemptions from attachment

and execution are, so far as they relate to previously contracted debts, unconstitutional, as impairing the obligation of contracts by destroying the remedy in material respects,'' citing *Kener* v. *La Grange Mills*, 231 U. S. 215, 34 Sup. Ct. 83, 58 L. Ed. 189; *Edwards* v. *Kearzey*, 96 U. S. 595, 607, 24 L. Ed. 793; *Gunn* v. *Barry*, 15 Wall. 610, 21 L. Ed. 212. On a more careful analysis, perhaps, than that given the decision in *Bronson* v. *Kinzie* by the author of the text in Corpus Juris, it is said: ''Based on the *dictum* of the Supreme Court of the United States [*Bronson* v. *Kinzie*] several early, cases may be found to the effect that a statute exempting property from execution may be applied to pre-existing contracts without impairing the obligation of contracts under the federal Constitution. But subsequent decisions of the Supreme Court make it quite clear that a statute materially increasing exemptions is invalid; and this rule has been followed by the state courts. In fact it would seem that a statute which diminishes in any respect the property which a creditor may seize should not be given effect as to pre-existing debts.'' (11 R. C. L. 490, and cases cited.)

In the recent case of *W. B. Worthen Co.* v. *Thomas*, 292 U. S. 426, 54 Sup. Ct. 816, 818, 78 L. Ed. 1344, 93 A. L. R. 173, the Supreme Court declared, concerning the exemption from execution of money received from life insurance policies: ''Such an exemption, applied in the case of debts owing before the exemption was created by the legislature, constitutes an unwarrantable interference with the obligation of contracts in violation of the constitutional provision.'' (*Gunn* v. *Barry,* supra, *Edwards* v. *Kearzey*, supra, and *Bank of Minden* v. *Clement*, 256 U. S. 126, 41 Sup. Ct. 408, 65 L. Ed. 857.) In *Edwards* v. *Kearzey*, the court declared: ''The remedy subsisting in the state when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the state which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is, therefore, void. * * * The ideas

of right and remedy are inseparable. 'Want of right and want of remedy are the same thing.' "

"While it is competent for the legislature to change the form of remedy, if it can do so without impairing the obligation of contracts, a statute increasing the exemption of debtors is void to the extent that it is applicable to contracts made prior to its enactment." (12 Cal. Jur. 333.)

The judgment is reversed and the cause remanded to the district court of Yellowstone county, with direction to dismiss the action.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.