ANACONDA FEDERAL CREDIT UNION, #4401, a CORPOR-
ATION, PLAINTIFF AND APPELLANT, *v.* LEVI WEST, DAUN
WEST, THOMAS G. SIMPKINS, RICHARD D. HAMEL
AND TOM SHUPE, DEFENDANTS AND RESPONDENTS.

No. 11875.
Supreme Court of Montana.
Decided April 5, 1971.
483 P.2d 909.

176

Boyd & Radonich, Anaconda, Robert J. Boyd, argued, Anaconda, for appellant.

Maffei & Harrington, Butte, Maurice A Maffei, argued, Butte, for respondents.

MR. JUSTICE DALY delivered the Opinion of the Court.

This is an appeal from an order of the district court of the third judicial district, county of Deer Lodge.

On May 20, 1970, the court entered its order discharging a writ of attachment on the wages of the defendant Daun West and rules that the provision contained in a promissory note providing *"The maker or makers further waive each and all statutory exemptions"* was void as against public policy and the wages of defendant were exempt from execution. From this order plaintiff Anaconda Federal Credit Union #4401 appeals.

The one issue before the Court is whether a general waiver of statutory exemption in a secured promissory note is valid and enforceable.

The plaintiff is a federally chartered credit union with authority to transact business among its members. Levi West and Daun West, his wife and defendant herein, qualified as members of that class. On September 26, 1962, Levi West and Daun West obtained a loan from the plaintiff in the amount of $3,700 evidenced by a promissory note secured by a chattel mortgage on a 1958 trailer home in which the Wests maintained their residence. The note was further secured by three cosigners, who are not involved in this appeal. The promissory note contained the waiver set out heretofore. At the time of the signing of the note, Levi West was head of the household and defendant, Daun West, was a housewife.

On July 2, 1964, suit was brought by plaintiff to foreclose the mortgage on the trailer and defendant was served on the same day. Service was never made on her husband, Levi West.

On April 14, 1965, a divorce was granted Daun West and she obtained custody of the children. She became their sole support and remained so at the time of the execution at issue here. Thereafter, Levi West obtained a discharge in bankruptcy and left Montana. His whereabouts are unknown and he makes no contribution to the support of his children.

The trailer involved here as security was abandoned. Plaintiff obtained a judgment, sold the trailer and after applying the proceeds according to law entered a deficiency judgment against Daun West on April 6, 1970, and levied execution upon wages due her from employment with the Anaconda Company.

On April 21, 1970, defendant filed her affidavit of exemption under the statute as head of a family and for the reason the obligation was not for the necessities of life. Plaintiff moved to set aside the affidavit of exemption on the grounds of the general waiver of all statutory exemptions contained in the promissory note.

The exemption statute in Montana is authorized in the Constitution by Article XIX, Sec. 4, which provides:

"The legislative assembly shall enact liberal homestead and exemption laws."

Pursuant thereto and among other statutes on the subject the legislature in 1895 enacted what is now section 93-5816, R.C.M. 1947, which in part provides:

"The earnings of the judgment debtor for his personal services rendered at any time within forty-five days next preceding the levy of execution or attachment, when it appears by the debtor's affidavit or otherwise that such earnings are necessary for the use of his family, supported in whole or in part by his labor, are exempt * * *."

In 1965, the legislature enacted section 93-5813.1, R.C.M. 1947, which concerns *unsecured* notes as follows:

"Waiver of exemptions prohibited in unsecured note. Any waiver of statutory exemption from execution in an unsecured promissory note shall be unenforceable."

Early case law establishes the principle that these laws shall be liberally construed in favor of the debtor and are enacted for a humanitarian purpose. Ferguson v. Speith, 13 Mont. 487, 34 P 1020; Esterly v. Broadway Garage Co., 87 Mont. 64, 285 P. 172.

Plaintiff argues, in support of the waiver, that if section 93-5813.1, R.C.M.1947, is an expression of public policy it would not apply here inasmuch as the statute was enacted in 1965 after the note was signed in 1962. It argues that this is the same principle applied in Reiger v. Wilson, 102 Mont. 86, 56 P.2d 176. In that case the Court ruled that the provisions of Chapter 120, Laws of 1933, which created new exemptions, were void as to contracts made prior to its enactment as an impairment of the obligation of contract. Article III, Sec. 11, Montana Constitution.

We fail to find any grounds upon which we can accept this analogy between public policy and ex post facto laws. First, this is not a matter of application of statutory mandate and particularly section 93-5813.1, R.C.M.1947, as it concerns only unsecured notes. Second, public policy can be enunciated by the Constitution, the legislature or the courts at any time and whether there is a prior expression or not the courts can refuse to enforce any contract which they deem to be contrary to the best interest of citizens as a matter of public policy.

Plaintiff further contends that because of its nature it may deal only within the class of people that hold membership and that part of the consideration for a loan is mutual trust and confidence. This, it insists, gives it a somewhat different and favored position under the law of contracts. Further, in its brief, plaintiff contends "The injustice of permitting the respondent to violate her contract and thus *defraud* her creditors,

as well as *defrauding* her *innocent sureties* and *guarantors,* is *too palpable to require illustration* or to permit to occur in the name of public policy.'' (Emphasis supplied.)

We find no merit in these contentions. We find no authority to demonstrate that plaintiff stands in any different position in relation to the law than individuals or concerns dealing with the public generally. There is nothing in the record to illustrate a different business relationship in regard to plaintiff granting a loan than that used in any other recognized institution of commerce.

We do not feel that fraud has been demonstrated here and particularly in reference to the sureties or guarantors. The record is silent in regard to their participation in this transaction and, in any event, any relief gained by the defendant is gratuitously enjoyed by them. This is not a question of avoiding the obligation but, rather, does the law place some limitation on the means by which it can be satisfied?

This precise question has not been before this Court but both parties cite United States Bldg. & Loan Assn. v. Stevens, 93 Mont. 11, 17 P.2d 62, as helpful to their position. In that case the Court held valid an express waiver of homestead and right of possession during the period allowed by law for redemption contained in a mortgage. First, the Court made it clear that this was an express waiver deemed to be understood by the parties. The Court further distinguished it from the instant case by treating it as a waiver of a *property right* similar to a nonassignable leasehold interest of the lessee which could be conveyed to the lessor and no one else. This same distinction is demonstrated in 35 C.J.S. Exemptions § 104, p. 153, and United States Bldg. & Loan Assn. is cited therein as case authority.

■ ■ It is conceded by a great weight of text authority and case law that this kind of waiver is not enforceable as a matter of public policy. This view gains its strength in the principle that the statutory exemption is for the protection of the family of the debtor as much as for the debtor and more so when being

head of a household is a condition for the exemption. For that reason the debtor cannot by executory contract waive the provisions made by law for family support and maintenance. 35 C.J.S. Exemptions § 103, pp. 152, 153; 94 A.L.R.2d 969; 31 Am.Jur.2d, Exemptions, § 155, pp. 457, 458 and cases cited therein; Recht v. Kelly, 82 Ill. 147, 25 Am.St.Rep. 301; Industrial Loan & Investment Co. v. Superior Court, 189 Cal. 546, 209 P. 360. With this we agree.

The order of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, HASWELL and CASTLES, concur.